Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD., and<br>HUAWEI DEVICE USA, INC.,<br><br>Defendants. | NO. CR19-0010RSM<br><br>**GOVERNMENT'S MOTION REGARDING THE DISCOVERABILITY OF A PARTICULAR DOCUMENT**<br><br>**(Noted for May 10, 2019)** |

The United States of America, by and through, Annette L. Hayes, First Assistant United States Attorney for the Western District of Washington (Acting Under Authority Conferred by 28 U.S.C. § 515), and Todd Greenberg, Thomas Woods, and Siddharth Velamoor, Assistant United States Attorneys for said District, hereby moves the Court for an order clarifying that a particular document is not discoverable under the government's discovery obligations.

## INTRODUCTION

As part of the pre-trial discovery process, the Huawei defendants have requested that the government produce all correspondence between the government and T-Mobile, the victim in this case. The government has produced all such correspondence except one memorandum from the government to T-Mobile, which analyzed factual and legal

GOVERNMENT'S MOTION RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 1

1  issues regarding the potential for the Court to award restitution to T-Mobile as part of the
2  sentence in this case.  This memorandum is not discoverable because it contains no facts
3  that otherwise were not disclosed in discovery, and simply contains government
4  counsel's legal analysis as to the potential availability of restitution.

5      After Huawei made its discovery request, the government informed counsel for
6  Huawei by letter that it planned "seek[] clarification from the Court *ex parte* as to
7  whether a particular document is discoverable, consistent with Ninth Circuit practice."
8  The government then moved *ex parte*, requesting that the Court clarify that the
9  government's memorandum was not discoverable.

10     The Court entered an Order denying the government's motion without prejudice.
11  The Order indicated that the government could re-file the motion in a manner that would
12  provide Huawei with greater notice and an opportunity to respond.  The Order also stated
13  that the government could provide supplemental justification for its position *ex parte*.  In
14  light of the Court's Order, the government is hereby filing this motion along with an *ex*
15  *parte* submission that discusses in more detail the contents of the memorandum, which
16  provides further justification as to why the memorandum is not discoverable.

17                              **BACKGROUND**

18     In this case, the government alleges that Huawei Device Co., Ltd., and Huawei
19  Device USA, Inc. (collectively "Huawei") engaged in a long-running scheme to steal
20  trade secrets from T-Mobile, and then obstructed justice by covering up the full scope of
21  the scheme, after one of Huawei's employees was caught stealing a robotics part from T-
22  Mobile's laboratory.  Prior to the indictment being obtained, T-Mobile had sued Huawei
23  Device USA, Inc., and another Huawei entity, alleging a variety of state-law claims
24  stemming from the same theft scheme that forms the basis of the criminal case.  *See T-*
25  *Mobile USA Inc. v. Huawei Device USA Inc.*, CV14-1351RAJ.

26     In light of T-Mobile's status as the victim of the crimes charged in the Indictment,
27  during its investigation the government conferred with T-Mobile about a variety of
28  issues, including the potential for restitution.  *See* Crime Victims' Rights Act, 18 U.S.C. §

GOVERNMENT'S MOTION RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3771.[1]  As part of this process, T-Mobile provided the government with a memorandum outlining its position regarding restitution.[2]  The government then wrote a responsive memorandum to T-Mobile, reviewing the applicable case law governing restitution, analyzing the facts in the civil trial record under this case law, and setting forth legal conclusions under this analysis.  The government's memorandum did not discuss any facts outside of the civil trial record.

## **ARGUMENT**

I.      **THE COURT CAN REVIEW *EX PARTE* and *IN CAMERA* TO CLARIFY WHETHER A PARTICULAR DOCUMENT IS DISCOVERABLE.**

It is well established that a district court has the authority to review documents *ex parte* and *in camera* to clarify whether a particular document is discoverable.  As the Ninth Circuit has stated, "If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation."  *United States v. Cadet*, 727 F.2d 1453, 1467–68 (9th Cir. 1984); *see also Milke v. Ryan*, 711 F.3d 998, 1016 (9th Cir. 2013); *United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993); *United States v. Jones*, 612 F.2d 453, 456 (9th Cir. 1979) ("*In camera* inspection and excision are procedurally sound methods for rendering appropriate material available to the defense.").

As noted above, the government does not believe that its memorandum is discoverable.  The government, however, takes its discovery obligations extremely seriously.  Thus, in an abundance of caution, the government is submitting the memorandum to the district court for clarification as to whether it must be disclosed to the defense.

---

[1] Under the Crime Victims' Rights Act, victims have the right to confer with the prosecutors, and to "full and timely restitution as provided in law."  *Id.* § 3771(a)(5), (7).
[2] The government has produced this memorandum because Huawei could theoretically attempt to impeach T-Mobile witnesses on the ground that T-Mobile has an economic stake in the outcome of the case.

GOVERNMENT'S MOTION RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.     **THE GOVERNMENT'S MEMORANDUM IS NOT DISCOVERABLE.**

1

2       The government respectfully submits that its memorandum is not discoverable.

3   The memorandum sets forth government counsel's legal analysis of the applicable law as

4   applied to the facts in the civil trial record.  Because the government has already

5   produced in discovery all of the underlying factual materials analyzed by the

6   memorandum, it is not required under *Brady* or Rule 16 to also produce its legal analysis

7   of those factual materials.  *Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006) ("The

8   animating purpose of *Brady* is to preserve the fairness of criminal trials.  However,

9   fairness does not encompass an obligation on the prosecutor's part to reveal his or her

10  strategies, legal theories, or impressions of the evidence." (internal citation omitted));

11  *United States v. Furrow*, 100 F. Supp. 2d 1170, 1178 (C.D. Cal. 2000) ("*Brady* may

12  entitle defendant to production of the mental health and psychiatric records [*i.e.* the

13  exculpatory evidence at issue in the case] . . . , however, *Brady* does not reach the

14  prosecution's analysis of them.); *United States v. Pac. Gas & Elec. Co.*, 2016 WL

15  3185008, at *8 (N.D. Cal. June 8, 2016) (district court would review prosecutor's legal

16  memoranda and order disclosure only if they contain "underlying exculpatory facts" that

17  must be disclosed under *Brady*," noting distinction between exculpatory evidence and

18  analysis of such).

19      The memorandum is also not a Jencks Act statement of any witness.  Nor is it

20  impeachment material because the memorandum does not discuss any witnesses who are

21  expected to testify in the case.  In sum, the memorandum is not discoverable.

22  //

23  //

24

25

26

27

28

GOVERNMENT'S MOTION RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CONCLUSION**

For all of the reasons set forth above, the government moves the Court to enter an order clarifying that the government's memorandum is not discoverable under the government's discovery obligations.

DATED this 26th day of April, 2019.

Respectfully submitted,

ANNETTE L. HAYES
First Assistant United States Attorney
(Acting Under Authority Conferred by
28 U.S.C. § 515)


*s/ Todd Greenberg*
TODD GREENBERG
THOMAS WOODS
SIDDHARTH VELAMOOR
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

GOVERNMENT'S MOTION RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

_s/Jenny Fingles_
JENNY FINGLES
Legal Assistant
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
E-mail: jenny.fingles@usdoj.gov

GOVERNMENT'S MOTION RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

HUAWEI DEVICE CO., LTD., and
HUAWEI DEVICE USA, INC.,

Defendants.

NO. CR19-0010RSM

**ORDER REGARDING DISCOVERY
OF PARTICULAR DOCUMENT**

17      The Court has considered the Government's motion regarding a particular

18  document that was submitted *in camera* for the Court's review.  For the reasons

19  articulated in the government's filings in this matter, the Court concludes that the

20  document need not be disclosed by the government.

21

22      DATED this ____ day of May, 2019.

23

24

25      _____

26      RICARDO S. MARTINEZ
        United States District Judge

27

28

ORDER REGARDING DISCOVERY/HUAWEI DEVICE CO. et al. - 1

Presented by:


ANNETTE L. HAYES
First Assistant United States Attorney
(Acting Under Authority Conferred by 28 U.S.C. § 515)


*s/ Todd Greenberg*
TODD GREENBERG
THOMAS WOODS
SIDDHARTH VELAMOOR
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

ORDER REGARDING DISCOVERY/HUAWEI DEVICE CO. et al. - 2