Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

HUAWEI DEVICE CO., LTD., and
HUAWEI DEVICE USA, INC.,

Defendants.

NO. CR19-0010RSM

**STIPULATED MOTION FOR A
PROTECTIVE ORDER**

(**Noted May 3, 2019**)

The United States of America, by and through, Tessa M. Gorman, First Assistant United States Attorney for the Western District of Washington (Acting Under Authority Conferred by 28 U.S.C. § 515), and Todd Greenberg, Thomas Woods, and Siddharth Velamoor, Assistant United States Attorneys for said District, along with Huawei Device Co., Ltd. and Huawei Device USA, Inc., by and through their counsel, Robert Westinghouse, Brian Heberlig, and James Hibey, hereby stipulate to the entry of the protective order that is attached as Exhibit A.

In this case, the discovery contains a number of sensitive materials. These materials include details about the technology that is at issue in this case. The materials also include confidential business and financial information regarding T-Mobile and the defendants. The parties, along with T-Mobile, have consulted, and are in agreement that

STIPULATED MOTION FOR PROTECTIVE ORDER/
HUAWEI DEVICE CO. et al. - 1

the Court should enter the proposed protective order, which pertains to how certain sensitive discovery materials should be handled by the parties.

DATED this 3rd day of May, 2019.

Respectfully submitted,

TESSA M. GORMAN
First Assistant United States Attorney
(Acting Under Authority Conferred by
28 U.S.C. § 515)

*s/ Todd Greenberg*
TODD GREENBERG
THOMAS WOODS
SIDDHARTH VELAMOOR
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

/s/ Robert Westinghouse
ROBERT WESTINGHOUSE
JAMES HIBEY
BRIAN M. HEBERLIG
Counsel for the Defendants

(Per email authorization)

STIPULATED MOTION FOR PROTECTIVE ORDER/
HUAWEI DEVICE CO. et al. - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2 **CERTIFICATE OF SERVICE**

3      I hereby certify that on May 3, 2019 I electronically filed the foregoing with the

4 Clerk of the Court using the CM/ECF system which will send notification of such filing

5 to the attorney(s) of record for the defendant(s).

6

7                          *s/Jenny Fingles*

8                          JENNY FINGLES
                         Legal Assistant

9                          United States Attorney's Office

10                          700 Stewart, Suite 5220
                         Seattle, Washington 98101-1271

11                          Phone:  206-553-7970

12                          E-mail: jenny.fingles@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED MOTION FOR PROTECTIVE ORDER/
HUAWEI DEVICE CO. et al. - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR19-0010RSM |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER REGARDING DISCOVERY MATERIALS** |
| HUAWEI DEVICE CO., LTD., and HUAWEI DEVICE USA, INC., | (Proposed) |
| Defendants. | |

This matter came before the Court on the government's consent Motion for Protective Order. The Court finds that good cause has been shown and orders as follows:

1.      This Protective Order governs the production or disclosure of any record or information designated as "Confidential Materials" and produced by a party or its agent ("Furnishing Party") to another party ("Receiving Party") during the course of discovery, pretrial proceedings, or trial in this action, including material provided to the government in response to a subpoena.

2.      In prior civil discovery in *T-Mobile USA Inc. v. Huawei Device USA Inc.*, 14CV-1351RAJ, the parties T-Mobile USA Inc. ("TMO") and Huawei Device USA Inc. ("Huawei USA") produced documents that were subject to a Protective Order.  In that matter, certain documents were designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS'

EYES ONLY."  "CONFIDENTIAL" was defined as non-public testimony, information, documents, and data that constitute confidential business, technical, or personal information. "CONFIDENTIAL—ATTORNEYS' EYES ONLY" was defined as non-public testimony, information, documents, and data that constitute confidential business or technical information, which the Furnishing Party reasonably believes to be highly sensitive because it contains proprietary business, technical, or competitive information.  All discovery materials that contain these prior confidentiality designations will be deemed "Confidential Materials" for purposes of this Protective Order.

3.      To the extent that either party believes in good faith that any other materials that the party produces in discovery may constitute trade secrets and/or confidential and proprietary business information, the Furnishing Party may designate the material as "Confidential Materials."

4.      Any documents, material, or information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY in *T-Mobile USA Inc. v. Huawei Device USA Inc.*, 14CV-1351RAJ, will be produced with the same designations in this case.  In the case of any other written, tangible, or documentary discovery material designated as Confidential Materials, the Furnishing Party shall stamp each page of the document "Confidential Materials – Subject to Protective Order" in a manner that is readily distinguishable from any pre-existing confidential designation.  While each page of a confidential document and its attachments should be marked, it shall be assumed that a confidential designation on the first page of a document indicates the same confidential designation for the entire document and its attachments, unless otherwise noted.  Where electronic files or documents are produced in a format that makes stamping inconvenient or impossible, such files and documents may be designated by appending to the file names a designation indicating that the file contains Confidential Materials.  Such files or documents may also be designated in a manner that allows them to be identified by review of the files themselves (e.g., in a data field), and may be produced on separate media based on the designation as Confidential Materials.  All "CONFIDENTIAL," "CONFIDENTIAL— ATTORNEYS' EYES ONLY," and "Confidential Materials – Subject to Protective Order"

markings are for pre-trial use only and all such markings will be removed from any documents used in trial and/or shown to jurors in this matter.

5.      The parties understand and agree that since this Protective Order is primarily intended to facilitate production of discovery materials and pretrial discussions, negotiations, analysis, and preparation, the defendants and their counsel may choose not to formally challenge the designation of certain material as confidential at the pre-trial stage.  Moreover, the parties agree that the confidentiality designations in *T-Mobile USA Inc. v. Huawei Device USA Inc.*, 14CV-1351RAJ, are not binding at trial in this matter.  Any failure to challenge the confidential designations of documents produced in discovery does not constitute a waiver by any defendant of the right to challenge that confidential designation at a later time nor does it constitute a waiver by any defendant of the right to contest that all or any portion(s) of any documents designated as confidential constitutes "trade secret" information.

6.      All Confidential Materials as defined herein shall be used solely for the purpose of this action (including pre-trial investigation, trial preparation, trial, and appeal) and shall not be used for any other purpose.  Confidential Materials, except materials that were marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in *T-Mobile USA Inc. v. Huawei Device USA Inc.*, 14CV-1351RAJ, shall be disclosed only to:

a.      The attorneys of record in this action and their employees or contractors (such as photocopy services) who are assisting them in this action;

b.      Independent Experts who have been retained by the party or its attorneys for this action, provided that each Independent Expert first executes an acknowledgment, attached hereto as Exhibit A;

c.      The parties (including officers, directors, in-house attorneys, outside counsel for Huawei, or employees of the parties, as well as law enforcement personnel and employees and contractors of the Department of Justice) who require the information to assist in or evaluate this action, provided that they are advised of and bound by the provisions of this Protective Order;

d.      The Court and persons associated with or employed by the Court whose duties require access to the information;

e.      The author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

f.      Individuals who the parties are considering in good faith to be witnesses at trial and their counsel provided that they are advised of and bound by the provisions of this Protective Order; and

g.      Graphics or design services retained by the parties or counsel who first execute an "Acknowledgement," attached hereto as Exhibit A.

Materials that were marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in *T-Mobile USA Inc. v. Huawei Device USA Inc.*, 14CV-1351RAJ shall be disclosed only to the individuals identified in subparagraphs 6(a), 6(b), and 6(d)-(g) above, as well as to (i) the Defendants' in-house attorneys, support staff, and others, including paralegals, legal assistants, and secretaries, (ii) Defendants' outside counsel in other matters who require the information to evaluate this action or advise the Defendants in other matters, and (iii) law enforcement personnel and employees and contractors of the Department of Justice, who require the information to assist in or evaluate this action, provided that they are advised of and bound by the provisions of this Protective Order.

7.      The parties agree to designate Confidential Materials in good faith.  If any party objects to the designation of any information or material as Confidential Materials, including the prior designation of materials as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY in *T-Mobile USA Inc. v. Huawei Device USA Inc.*, 14CV-1351RAJ (the "Challenged Materials"), the party shall so state the objection by letter or statement ("notice") to counsel for the person making the designation.  Any such notice shall identify with specificity the Challenged Materials to which the objection is directed. The objecting party is not required to immediately object to a confidentiality designation, and failure to immediately object does not waive the right to object to a designation in the future.  Counsel shall confer in good faith in an attempt to resolve any disputes concerning such designation.  If the status of the Challenged

Materials cannot be resolved within five (5) business days after the notice is furnished, the objecting party may file an appropriate motion requesting that the Court rule that the Challenged Materials should not be designated as Confidential Materials.  Although the party making the designation shall have the burden of proving the appropriateness of the objection, the Challenged Materials will be treated as Confidential Materials pending the Court's ruling on such motion.

8.      Where only a part of the Confidential Materials furnished or produced by a party or a part of the transcript of any deposition is designated as Confidential Materials, counsel for the party receiving such Confidential Materials or transcript shall redact Confidential Materials before disclosing such Confidential Materials or transcript to any person other than qualified persons as designated in Paragraph 6.

9.      Nothing herein shall prevent the parties from using the Confidential Materials or from referring to, quoting, or reciting from any information contained in such Confidential Materials in connection with pleadings or motions filed in this case, provided that the pleadings or motions redact all such references and quotations to Confidential Materials, and the unredacted motions and any exhibits reflecting Confidential Materials be filed under seal and/or submitted to the Court for in camera inspection.  The procedures for the use of Confidential Materials at trial or pre- or post-trial hearings will be resolved at or before the time of the trial or hearing.

10.     If a third or non-party witness provides documents in this litigation, such third party may designate such information as Confidential Materials in the same manner as if the third party were a party to this action and this Protective Order.  In addition, any party may likewise choose to designate any such third party information in accordance with this Protective Order.  All parties will treat such information or documents as Confidential Materials pursuant to the terms of this Protective Order.  All third or non-party witness designations shall be subject to challenge in the same manner as designations by parties, pursuant to the procedures in Paragraph 7.

11.     Notwithstanding anything herein to the contrary, if a Furnishing Party discovers that Confidential Materials have been inadvertently produced without being marked with the

appropriate designation, the Furnishing Party may notify the Receiving Party and require the Receiving Party to retrieve and return any unmarked or incorrectly marked Confidential Materials, and to substitute therefore appropriately marked Confidential Materials, provided that the Furnishing Party notifies the Receiving Party after learning of such inadvertent failure.  Upon receipt of such notification from the Furnishing Party, the Receiving Party shall not thereafter disclose any such Confidential Materials or any information contained therein to any persons who are not qualified persons as designated in Paragraph 6.  Even before receiving a notification from the Furnishing Party, if the Receiving Party believes the Furnishing Party inadvertently produced Confidential Materials without a designation, then the Receiving Party will notify the Furnishing Party.  The Receiving Party will treat such potentially confidential material as appropriately designated for a reasonable period of time while awaiting a response from the Furnishing Party.  The Receiving Party will not be in violation of this Order with respect to any prior disclosure or use of such Confidential Materials done prior to receiving notice of an inadvertent disclosure, provided that the Receiving Party had no reason to believe the material was inadvertently produced without a designation and provided that such use is otherwise consistent with the terms of this Order.

12.     In the event of an inadvertent disclosure of Confidential Materials by a Receiving Party, the Receiving Party shall upon learning of the disclosure:

a.     immediately notify the person(s) to whom the disclosure was made that it contains Confidential Materials subject to this Order;

b.     immediately make all reasonable efforts to recover the information as well as preclude further dissemination or use by the person to whom disclosure was inadvertently made; and

c.     within five (5) days, notify the Furnishing Party of the identity of the person to whom disclosure was inadvertently made, the circumstances surrounding disclosure, and the steps taken to recover the information and the steps taken to insure against the dissemination or use of the information.

13.     If data or information has been extracted from a document or other Confidential Materials which is subsequently reclassified pursuant to Paragraph 11 above, to the extent possible and where necessary, the extracted information and/or data will be expunged promptly and not used.  However, to the extent that, prior to being notified of the inadvertent misdesignation of Confidential Materials, the Receiving Party uses in good faith such information and/or data in documents filed with the Court, the Parties agree that exhibits, testimony, or any other information will be re-designated appropriately, but need not be expunged.

14.     This Protective Order pertains only to Confidential Materials provided by the party or third-party producing it and does not limit the use or disclosure of materials which have been obtained by any party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

15.     Within ninety (90) days of the final conclusion of this litigation and any final appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the Furnishing Party all Confidential Materials; except that the government may keep a copy of all court filings, discovery, and other matter, as a record in the event of a collateral challenge to the judgment and/or other future litigation.

16.     Nothing herein shall prevent any party, on notice to the other party, from requesting a modification of the terms of this Protective Order.

17.     The entry of this Order, or producing or receiving Confidential Materials or otherwise complying with the terms of this Order shall not prejudice in any way the rights of a Furnishing Party to object to the production of information on any other grounds, including but not limited to, grounds of irrelevance or privilege.

18.     Nothing in this Protective Order bars or otherwise restricts any outside counsel of record for the parties from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Materials, provided that no disclosure of the substance of any such information will be made except to persons permitted access to Confidential Materials as provided in this Protective Order.

19.     As for the portions of the trial record in *T-Mobile USA Inc. v. Huawei Device USA Inc.*, 14CV-1351RAJ, that are under seal, these materials can be possessed, used, and disclosed as discovery by the parties, and may be disclosed to the individuals identified in paragraph 6 in the same manner as Confidential Materials.  The materials will otherwise remain under seal during the pre-trial phase of this case.  Any such materials that are filed with the Court and any motions referencing such materials shall be filed under seal, according to the procedures in Paragraph 9.  The procedures for the use of the portions of the trial record in *T-Mobile USA Inc. v. Huawei Device USA Inc.*, 14CV-1351RAJ, that are under seal at trial or pre- or post-trial hearings in this matter will be resolved at or before the time of the trial or hearing.

20.     Each of the parties named above and their counsel of record undertakes to abide by and be bound by these provisions and to use due care to see that these provisions are known and adhered to by those under its supervision or control.  This Order is binding on any successor(s) of the parties to this Action and their counsel of record.

21.     The provisions of this Order shall not terminate at the conclusion of this prosecution.

22.     Any intentional violation of any term or condition of this Order by the Defendants, the attorneys of record, any member of the defense team, any attorney for the United States Attorney's Office for the Western District of Washington, or any law enforcement personnel and employees and contractors of the Department of Justice may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

1    DATED this _____ day of May, 2019.

2

3

4                                            _____
                                             RICARDO S. MARTINEZ
5    Presented by:                           UNITED STATES DISTRICT COURT JUDGE

6    TESSA M. GORMAN
7    First Assistant United States Attorney

8    /s/ Todd Greenberg
     TODD GREENBERG
9    THOMAS M. WOODS
     SIDDHARTH VELAMOOR
10   Assisted United States Attorneys

11   /s/ Robert Westinghouse
12   ROBERT WESTINGHOUSE
     JAMES HIBEY
13   BRIAN M. HEBERLIG
     Counsel for the Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28