The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD., and HUAWEI DEVICE USA, INC.,<br><br>Defendants. | No. 2:19-cr-00010-RSM<br><br>DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION REGARDING THE DISCOVERABILITY OF A PARTICULAR DOCUMENT<br><br>(Noted for May 10, 2019) |

Huawei Device Co., Ltd, and Huawei Device USA, Inc. (collectively, "Huawei"), by and through their counsel, hereby oppose the government's motion seeking a determination that a particular document is not discoverable under the government's discovery obligations.  The government's own description demonstrates that the document is material to Huawei's defense and may contain favorable information Huawei could use to impeach government witnesses.  Because the document was prepared for and provided to T-Mobile, it is not attorney work product or otherwise privileged.  The government is therefore obligated to produce the document to Huawei.

## I. BACKGROUND

In the course of the government's investigation, it received a memorandum from T-Mobile "outlining its position regarding restitution" ("T-Mobile Memorandum").  Mot. at 3.  The

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

government acknowledges its obligation to produce the T-Mobile Memorandum, because Huawei could use it "to impeach T-Mobile witnesses on the ground that T-Mobile has an economic stake in the outcome of the case." *Id.* at 3 n.2.  The government describes the document at issue as a responsive memorandum from the government to T-Mobile, "reviewing the applicable case law governing restitution, analyzing the facts in the civil trial record under this case law, and setting forth legal conclusions under this analysis" ("Government Memorandum").  *Id.* at 3.  From this context, it is reasonably inferable that the Government's Memorandum rebutted T-Mobile's claims that it was entitled to massive restitution and explained why T-Mobile's injury was not as extensive as it claimed.

The Court denied the government's initial attempt to obtain an *ex parte* order that the Government Memorandum is not discoverable.  *Id.* at 2.  The government subsequently filed this motion on the public docket, again seeking a determination that the Government Memorandum is not discoverable.  *Id.* at 2.  The government also filed an *ex parte* submission seeking to justify its refusal to produce the document to Huawei, *id.*, and submitted the memorandum to the Court for *in camera* review.  *Id.* at 3.

## II. ARGUMENT

### A.  Huawei's Counsel Should Be Permitted to Read the Government Memorandum.

The government should not be permitted to argue that its Memorandum is not discoverable when counsel for Huawei have not even been provided an opportunity to review it.

In criminal cases, *ex parte* proceedings are highly disfavored.  *See, e.g.*, *United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987) ("[A]dversary proceedings are the norm in our system of criminal justice, and ex parte proceedings the disfavored exception.") (citing *United States v. Bagley*, 473 U.S. 667, 675 (1985)).  Absent a compelling justification, "ex parte proceedings are anathema in our system of justice, and in the context of a criminal trial, may amount to a denial of due process."  *Id.* at 1258–59.

The government provides no reason why an *ex parte* or *in camera* proceeding is necessary with respect to the Government Memorandum.  The government relies on cases



permitting *in camera* review of government personnel files and documents containing information about other government investigations.  *See* Mot. at 3; *United States v. Cadet*, 727 F.2d 1453, 1467–68 (9th Cir. 1984) (FBI agent personnel files); *Milke v. Ryan*, 711 F.3d 998, 1016 (9th Cir. 2013) (police detective personnel file and other documents relating to his misconduct); *United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (ATF agent personnel files); *United States v. Jones*, 612 F.2d 453, 455–56 (9th Cir. 1979) (interview of government witness, from which material about other investigations was excised).

Here, however, the government does not contend that its Memorandum contains national security information, personnel files, information about other government investigations, or any other type of particularly sensitive content that Huawei's counsel should not be permitted to see. The government should be ordered to produce the Government Memorandum forthwith so that Huawei's counsel, not the government, can make an informed decision as to whether and how it may be used in preparing Huawei's defense.

**B.    The Government Memorandum Is Discoverable Because It Is Material to Preparing Huawei's Defense and Favorable to Huawei.**

Without even reviewing the Memorandum, it is apparent from the government's motion that the Memorandum is discoverable under Federal Rule of Criminal Procedure 16(e)(1) and the government's *Brady* and ethical obligations.

Rule 16 states that criminal defendants are entitled to discovery of documents that are "material to preparing the defense."  Fed. R. Crim. P. 16(e)(i).  This is a "low threshold," which is met if the defendant presents facts tending to show that the government is in possession of information helpful to the defense.  *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013).

The Fifth Amendment requires the prosecution to disclose to the defense all evidence in its possession, custody, or control that is favorable to the accused.  *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (requiring disclosure of exculpatory evidence "material either to guilt or punishment").  *Brady* and its progeny impose on the prosecution an affirmative duty to disclose favorable information to the defense.  *Kyles v. Whitley*, 514 U.S. 419, 433 (1995); *see also*



1  United States Attorneys' Manual § 9-5.001 ("The law requires the disclosure of exculpatory and

2  impeachment evidence when such evidence is material to guilt or punishment. . . .  [P]rosecutors

3  generally must take a broad view of materiality and err on the side of disclosing exculpatory and

4  impeachment evidence.") (ellipsis added).

5          In addition, Washington Rule of Professional Conduct 3.8, entitled "Special

6  Responsibilities of a Prosecutor," governs proceedings in this Court both by statute and local

7  rule.  28 U.S.C. § 530B(a); LCR 83.3(a)(2).  Rule 3.8(d), which provides that a prosecutor shall

8  "make timely disclosure to the defense all evidence or information known to the prosecutor

9  that the prosecutor knows, or reasonably should know, either tends to negate the guilt of the

10  accused or mitigates the offense," imposes a higher standard on prosecutors than the standards

11  mandating disclosure of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).

12  *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("[*Brady*] requires less of the prosecution than

13  the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any

14  evidence tending to exculpate or mitigate."); *see also State v. Davila*, 357 P.3d 636, 648 n.9

15  (Wash. 2015) (en banc) ("the prosecution's failure to disclose potentially exculpatory evidence

16  may violate [a Rule of Professional Conduct] governing disclosure obligations, even if the

17  evidence ultimately proves nonmaterial under a *Brady* analysis").[1]  Based on the above, the

18  government is obligated to disclose all documents material to preparing Huawei's defense, as

19  well as information favorable to Huawei, including for impeachment purposes.

20          The government has charged Huawei with conspiracy to commit theft of a trade secret

21  and attempted theft of a trade secret under 18 U.S.C. § 1832.  Indictment ¶¶ 1-52, ECF No. 1.

22  The statute requires the government to prove, among other things, that Huawei intended to, or

23  knew that its actions would, injure T-Mobile.  *See* 18 U.S.C. § 1832(a).  Based on the

24

25  _____

26  [1] The Department of Justice also "encourage[s] [prosecutors] to provide discovery broader and more comprehensive than the discovery obligations" required by the Federal Rules of Criminal Procedure, the Jencks Act, *Brady*, and

27  *Giglio*.  Memorandum for Department Prosecutors Re Guidance for Prosecutors Regarding Criminal Discovery (Jan. 4, 2010), *available at* http://www.justice.gov/dag/discovery-guidance.html (last visited Apr. 30, 2019).

28

DEFENDANTS' OPPOSITION TO GOVERNMENT'S
MOTION REGARDING THE DISCOVERABILITY OF A
PARTICULAR DOCUMENT
No. 2:19-cr-00010-RSM – Page 5

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

government's own description, the T-Mobile Memorandum, and by extension the Government Memorandum, relate directly to the element of intended injury to T-Mobile because they assess restitution for the injury T-Mobile believes it suffered.  As in *Hernandez-Meza*, the Government Memorandum is material to a key element of the charges against Huawei and is therefore discoverable under Rule 16.  *See* 720 F.3d at 768 (naturalization certificate for defendant's mother was material to defense against the alienage element of illegal reentry).

The Government Memorandum is also favorable to the accused for purposes of *Brady* and the prosecutors' ethical obligations.  From the government's description, the Government Memorandum appears likely to rebut T-Mobile's claim that it is entitled to a massive restitution order.  If so, such a document would plainly be favorable to Huawei for purposes of sentencing should the case proceed to that stage.  But more importantly, such a document would be favorable to Huawei in defending against the required element in the theft of trade secrets charges that it intended to injure T-Mobile through its actions.  Indeed, it would be untenable to allow the government to argue at trial that the evidence establishes Huawei intended to injure, and by extension injured, T-Mobile without allowing the defense access to the Government Memorandum in which it argued that T-Mobile suffered minimal or no injuries.  Accordingly, the government must product the Government Memorandum pursuant to its *Brady* obligations.

The Government Memorandum is also discoverable as impeachment material, a form of *Brady* material.  *Giglio v. United States*, 405 U.S. 150 (1972).  The government produced T-Mobile's Memorandum because Huawei can use it to impeach T-Mobile witnesses based on T-Mobile's economic stake in the case.  Mot. at 3 n.2.  But Huawei also can use the Government Memorandum to impeach government witnesses at trial.  For example, if the Government Memorandum concludes that T-Mobile's estimate of restitution was unrealistically high, it would assist Huawei in cross-examining T-Mobile witnesses regarding their knowledge of evidence that Huawei intended to injure T-Mobile.  Similarly, if the government calls an FBI agent or an expert to testify regarding Huawei's alleged actions to injure T-Mobile, Huawei could use the Government Memorandum to impeach any statements by those witnesses that are inconsistent

DEFENDANTS' OPPOSITION TO GOVERNMENT'S
MOTION REGARDING THE DISCOVERABILITY OF A
PARTICULAR DOCUMENT
No. 2:19-cr-00010-RSM – Page 6

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

1
2
with the analysis in the document.  The government's position that it is obligated to produce one of the two memoranda as potential impeachment material, but not the other, is illogical.

3
4
**C.    The Government's Cited Cases Are Inapposite Because They Involve Work Product Or Privileged Material Not Already Disclosed To A Third Party.**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
Other cases relied upon by the government to avoid its discovery obligations are readily distinguishable and do not justify withholding the Government Memorandum.  *See* Mot. at 4. Each of those cases involved documents that were protected by the work product doctrine, the deliberative process privilege, or the discovery exception in Federal Rule of Criminal Procedure 16(a)(2) for internal government documents.  *See Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006) (opinion work product); *United States v. Furrow*, 100 F. Supp. 2d 1174–75 (C.D. Cal. 2000) (deliberative process privilege and work product); *United States v. Pac. Gas & Elec. Co.*, 2016 WL 3185008, at *4–7 (N.D. Cal. June 8, 2016) (Rule 16(a)(2) work product).  None of the documents at issue in these cases was prepared for and shared with third parties.  *See Morris*, 447 F.3d at 739-40 (routine status report prepared by legal assistant at the Attorney General's office); *Furrow*, 100 F. Supp. 2d at 1171–72 (death penalty evaluation form submitted by the United States Attorney to the Attorney General's Death Penalty Committee); *United States v. Pac. Gas & Elec. Co.*, 2016 WL 3185008, at *1 (N.D. Cal. June 8, 2016) (email attachments sent between the government and its retained third party experts).

19
20
21
22
23
24
By contrast, the government does not contend that the Government Memorandum is attorney work product or otherwise privileged.  Nor could it.  The government prepared the Government Memorandum in response to the T-Mobile Memorandum and shared it with T-Mobile.  *See* Mot. at 3.  The Government Memorandum thus bears no resemblance to the privileged and confidential materials exempted from disclosure in the cases the government relies upon.

25
### III. CONCLUSION

26
27
28
For the reasons set forth above, Huawei respectfully requests that the Court deny the government's motion and order the government to produce the Government Memorandum to Huawei.

DEFENDANTS' OPPOSITION TO GOVERNMENT'S
MOTION REGARDING THE DISCOVERABILITY OF A
PARTICULAR DOCUMENT
No. 2:19-cr-00010-RSM – Page 7


Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

1

Dated: May 3, 2019

**YARMUTH LLP**

2

3

By: _s/ Robert Westinghouse_
Robert Westinghouse, WSBA No. 6484
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 516-3800
Fax: (206) 516-3888
rwestinghouse@yarmuth.com

4

5

6

7

**STEPTOE & JOHNSON LLP**

8

9

James F. Hibey (_pro hac vice_)
Brian M. Heberlig (_pro hac vice_)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
jhibey@steptoe.com
bheberlig@steptoe.com

10

11

12

13

_Attorneys for Defendants Huawei Device_
_Co., Ltd., and Huawei Device USA, Inc._

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO GOVERNMENT'S
MOTION REGARDING THE DISCOVERABILITY OF A
PARTICULAR DOCUMENT
No. 2:19-cr-00010-RSM – Page 8



1

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, I electronically filed the foregoing with the Clerk of
the Court using the CM/ECF system which will send notification of such filing to the following:

**<u>Attorneys for Plaintiff</u>**

Todd Greenberg
Thomas M. Woods
U.S. Attorney's Office (Sea)
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: 206.553.7970
Todd.Greenberg4@usdoj.gov
Thomas.woods2@usdoj.gov

DATED:  May 3, 2019, at Seattle, Washington.

*s/ Vassie Skoulis*
Vassie Skoulis, Legal Assistant

DEFENDANTS' OPPOSITION TO GOVERNMENT'S
MOTION REGARDING THE DISCOVERABILITY OF A
PARTICULAR DOCUMENT
No. 2:19-cr-00010-RSM – Page 9

1042.01 te031001



Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888