Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD., and HUAWEI DEVICE USA, INC.,<br><br>Defendants. | NO. CR19-0010RSM<br><br>**GOVERNMENT'S REPLY IN SUPPORT OF MOTION REGARDING THE DISCOVERABILITY OF A PARTICULAR DOCUMENT**<br><br>**(Noted May 10, 2019)** |

The United States of America, by and through, Tessa M. Gorman, First Assistant United States Attorney for the Western District of Washington (Acting Under Authority Conferred by 28 U.S.C. § 515), and Todd Greenberg, Thomas Woods, and Siddharth Velamoor, Assistant United States Attorneys for said District, hereby submits this reply in support of the government's motion regarding the discoverability of a particular document.

## INTRODUCTION

The Ninth Circuit has held that a prosecutor's legal memorandum is not discoverable as long as the underlying facts are otherwise disclosed. *See Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006); *United States v. Kohring*, 637 F.3d 895, 908 (9th Cir. 2011). Huawei offers no contrary authority because there is none.

GOVERNMENT'S REPLY RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Instead, Huawei goes on at length to argue that the restitution memorandum could possibly be helpful, either at trial or at a restitution hearing. But whether a prosecutor's memorandum could conceivably be helpful to the defense is not the standard. As the Ninth Circuit has explained, a prosecutor's memorandum is not discoverable because *facts* are discoverable, not the prosecutor's *analysis* of those facts.

This legal rule is grounded in two important practical considerations. First, a defendant is not unfairly disadvantaged as long as the defendant has access to all potentially exculpatory facts. Legal analysis, however, is not admissible evidence. Despite what Huawei claims in its brief, a defendant clearly cannot seek to impeach a witness with a prosecutor's legal memorandum, particularly where the witness has not prepared, reviewed, or adopted the memorandum. Second, the Ninth Circuit's rule allows prosecutors to be candid in their evaluation of the strengths and weaknesses of their case. Under Huawei's view of the law, a prosecutor would need to turn over every prosecution memorandum that discussed a weakness in the case. Huawei's position is clearly not the law—and for good reason—because it would unduly chill prosecutors from fully and candidly analyzing their cases.

Huawei notes that the government shared the restitution memorandum with T-Mobile. But legal analysis does not suddenly become discoverable simply because the government shared it with a victim. The memorandum's disclosure to T-Mobile has no material significance under the general rule that criminal defendants are entitled to *facts*, not *legal analysis* of those facts. Moreover, the government cannot and should not be penalized for complying with its obligations under the Crime Victim Rights Act to fully consult with a victim prior to charging, including reviewing the potential risks of litigation. Under Huawei's view, the government could not, for example, sit down with a sexual assault victim and discuss the potential pitfalls in the case, without fear that the conversation would suddenly become a discoverable event. This view is not the law, and Huawei unsurprisingly has cited no cases in support of their position. The Ninth Circuit cases are controlling—the memorandum is not discoverable.

GOVERNMENT'S REPLY RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## ARGUMENT

### I. *EX PARTE* REVIEW IS APPROPRIATE.

Huawei objects to the Court's *ex parte* review of the memorandum. Huawei instead proposes a procedure that would defeat the very purpose of the Motion, claiming that it too should be "provided an opportunity to review" the memorandum **before** the Court rules on the memorandum's discoverability. Opposition to Mot. ("Opp."), Dkt. 47, at 19. Huawei's arguments lack any merit.

In the typical case, prosecutors make decisions about the discoverability of documents without guidance from either the Court or defense counsel. *Ex parte* review, of the type the Government seeks here, is a well-established (and exceptional) procedure through which prosecutors may seek guidance from the Court about the discoverability of materials that fall on the margins for one reason or another. *See United States v. Jones*, 612 F.2d 453, 456 (9th Cir. 1979) ("*In camera* inspection and excision are procedurally sound methods for rendering appropriate material available to the defense."); *United States v. Cadet*, 727 F.2d 1453, 1467–68 (9th Cir. 1984) ("If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation."); *Milke v. Ryan*, 711 F.3d 998, 1016 (9th Cir. 2013); *United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993). Here, for instance, although the government believes that the memorandum is not discoverable, it seeks guidance from the Court because Huawei's discovery requests appear to encompass the memorandum. *See* Motion Regarding Discoverability of a Particular Document ("Motion" or "Mot."), Dkt. 43, 1:25-27.

Huawei's two arguments about *ex parte* review are meritless. **First**, Huawei makes the circular claim that it should be permitted to view the document in order to evaluate whether it is discoverable. But requiring the Government to produce a document to the defense before seeking guidance from the Court would defeat the purpose of seeking *ex parte* relief in the first place. By sending the document to the

GOVERNMENT'S REPLY RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defense, the Government will have committed the very act of production that it believes to be unnecessary in this case.

*Second*, Huawei suggests that *ex parte* review is only appropriate in connection with documents that contain "national security information, personnel files, information about other government investigations, or any other type of particularly sensitive content." Opp., at 4:8-10. But no authority restricts *ex parte* review to these circumstances. Indeed, courts have frequently reviewed attorney memoranda *ex parte* to ensure that they are not discoverable. *See, e.g.*, *United States v. Pac. Gas & Elec. Co.*, 2016 WL 3185008, at *8 (N.D. Cal. June 8, 2016); *United States v. Kale,* 1986 WL 8136, at *2 n.4 (E.D. Pa. July 14, 1986); *United States v. Scrushy*, 2012 WL 204159, at *12 (M.D. Ala. Jan. 24, 2012), *aff'd*, 721 F.3d 1288 (11th Cir. 2013); *United States v. Massino*, 311 F. Supp. 2d 309, 311–12 (E.D.N.Y. 2004). At bottom, whether a document contains attorney opinions, national-security information, or personally identifying information, *ex parte* review is an appropriate procedure to determine its discoverability.

## II. THE LEGAL MEMORANDUM IS NOT DISCOVERABLE BECAUSE ALL UNDERLYING FACTS WERE DISCLOSED.

As the Government previously explained, a criminal defendant is not entitled to discovery into prosecutors' opinions where (as here) the facts underlying those opinions have been disclosed. In short, the Ninth Circuit has drawn a clear line: whereas ***facts*** are discoverable, the prosecutor's ***analysis*** of those facts are not. *See Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006); *United States v. Kohring*, 637 F.3d 895, 908 (9th Cir. 2011); *Pac. Gas & Elec. Co.*, 2016 WL 3185008, at *8 (N.D. Cal. June 8, 2016). In this case, the government has produced all of the facts underlying the restitution memorandum. Nothing more is required of the government.

Huawei makes two arguments for why it should nevertheless have access to prosecutors' opinions. Neither of Huawei's arguments have any merit:

*First*, Huawei states that it could use the AUSAs' opinions in the memorandum to "[dis]allow" government attorneys from taking contrary positions at trial on the subject of

GOVERNMENT'S REPLY RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

harm (an element of the trade secret claims). Opp., at 6:13-14. Similarly, Huawei suggests that it could use the AUSAs' opinions at sentencing to "rebut T-Mobile's claim that it is entitled to a massive restitution order." *Id.*, 6:8-10. These arguments amount to nothing more than an invitation to disregard binding Ninth Circuit case law, which treats prosecutors' opinions as non-discoverable. If using prosecutors' opinions to potentially rebut contrary arguments by government attorneys were a permissible basis for discovery, then criminal defendants regularly would obtain discovery of prosecution memoranda and other similar records. Courts have correctly rejected these types of requests, recognizing that prosecutors' opinions simply do not meet the standards for discoverability.

*Second*, Huawei argues that it could potentially use the memorandum "to impeach government witnesses at trial." Opp., 6:21-22. Huawei could do nothing of the sort. The memorandum was prepared by the Office of the United States Attorney—without any input or review from law enforcement or any other potential government witnesses. It would clearly be improper to attempt to impeach a witness with a document they had never even seen, let alone not adopted. *See generally Palermo v. United States*, 360 U.S. 343, 350 (1959) (explaining that it would be "grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations.").

In sum, Huawei's arguments are squarely foreclosed by binding Ninth Circuit authority. Because the factual matters addressed in the memorandum already have been disclosed, any remaining opinions are non-discoverable.

### III. THE MEMORANDUM'S DISCLOSURE TO T-MOBILE IS NOT MATERIAL TO ITS DISCOVERABILITY.

Huawei seeks to distinguish this case on the ground that the Government shared the restitution memorandum with T-Mobile. This distinction is immaterial.

GOVERNMENT'S REPLY RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Ninth Circuit cases that treat the prosecutors' analysis of facts as non-discoverable do not distinguish between whether that analysis has or has not been shared with a victim. *See, e.g., Kohring*, 637 F.3d 895, 907 (9th Cir. 2011). Nor is there any basis to read any such distinction into the law. To the contrary, the general rule against discovery into "a prosecutor's opinions and mental impressions of the case" (provided that any underlying facts have been disclosed) is based on principles that have equal force whether or not the prosecutors' opinions have previously been disclosed to a victim. *See generally Morris*, 447 F.3d at 742-43 (discussing reasons for why prosecutors' opinions should not been subject to disclosure where underlying facts have been disclosed).

Indeed, treating non-discoverable information as discoverable simply because of its disclosure to a victim would seriously impair the Government's ability to comply with its expansive obligations to confer with victims pursuant to the CVRA. 18 U.S.C. § 3771; *see also United States v. BP Prod. N. Am. Inc.*, 2008 WL 501321, at *16 (S.D. Tex. Feb. 21, 2008). As the Ninth Circuit has explained, the CVRA "was enacted to make crime victims ***full participants*** in the criminal justice system." *Kenna v. U.S. Dist. Court for C.D. Cal.*, 435 F.3d 1011, 1016 (9th Cir. 2006) (emphasis added). Thus, courts have interpreted the CVRA to require prosecutors to confer with victims about all sorts of non-discoverable topics, including the "pre-charge stage of criminal investigations and proceedings," *Doe v. United States*, 950 F. Supp. 2d 1262, 1267-68 (S.D. Fla. 2013) (collecting cases), potential prosecution (or non-prosecution) decisions, *see Doe 1 v. United States*, 359 F. Supp. 3d 1201, 1220-21 (S.D. Fla. 2019), and the "possible details of a plea bargain" even before that plea bargain has been reached, *see In re Dean*, 537 F.3d 391, 394 (5th Cir. 2008).

It would pervert that statutory framework to treat non-discoverable information as discoverable, solely because the Government happened to share it with a victim pursuant to the CVRA. Under Huawei's approach, the Government's efforts to explain charging decisions, potential plea bargains, and sentencing outcomes to victims would be subject to criminal discovery, despite the fact that defendants otherwise would not be entitled to

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  that information.  But that is neither the law, nor consistent with the CVRA's purpose to
2  treat victims as "full participants in the criminal justice system." *See Kenna*, 435 F.3d at
3  1016.  Indeed, approach would create a chilling effect on the government—creating a
4  disincentive for the government to have a candid conversation about the strengths and
5  weaknesses of its case. *See, e.g.*, *United States v. Buske,* 2011 WL 2912707, at *7 (E.D.
6  Wis. July 18, 2011) (declining to order production of all communications between
7  government victim, agreeing that "requiring the turnover of all such communications
8  could chill future cooperation by crime victims").

9       For the foregoing reasons, the Ninth Circuit law on attorney analysis is
10 controlling, whether or not that analysis has been shared with a victim pursuant to the
11 CVRA.  The Government respectfully submits that the restitution memorandum is not
12 discoverable.

13 //
14 //

GOVERNMENT'S REPLY RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

In sum, the Court should enter an order clarifying that the government's memorandum is not discoverable under the government's discovery obligations.

DATED this 10th day of May, 2019.

Respectfully submitted,

TESSA M. GORMAN
First Assistant United States Attorney
(Acting Under Authority Conferred by
28 U.S.C. § 515)

*s/ Todd Greenberg*
TODD GREENBERG
THOMAS WOODS
SIDDHARTH VELAMOOR
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

GOVERNMENT'S REPLY RE: DISCOVERABILITY/
HUAWEI DEVICE CO. et al. - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970