UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD., and HUAWEI DEVICE USA, INC.,<br><br>Defendants. | CASE NO. CR19-10RSM<br><br>ORDER TO DISCLOSE |

## I. INTRODUCTION

This matter is before the Court on the Government's Motion Regarding the Discoverability of a Particular Document. Dkt. #43. In the course of pre-trial discovery, the government has withheld a single memorandum it sent to T-Mobile—the alleged victim in this case. The government believes that the document is not discoverable and asks the Court to affirm that position. The Court finds that the document is discoverable, and the government is directed to produce it.

## II. BACKGROUND

Defendants are alleged of stealing trade secrets from T-Mobile. As the victim, T-Mobile may be entitled to "full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6); *see*

ORDER – 1

*also*, 18 U.S.C. § 3663A (requiring restitution for specified offenses).[1] The amount of restitution is limited to a victim's actual losses. *See United States v. Beecroft*, 825 F.3d 991, 996 (9th Cir. 2016). Therefore, the government and T-Mobile have discussed the issue of restitution in this case. "T-Mobile provided the government with a memorandum outlining its position" and the government "wrote a responsive memorandum to T-Mobile." Dkt. #43 at 2–3. The government has produced T-Mobile's memorandum to Defendants. The government has not produced its own memorandum, asserting that it contains only confidential legal analysis that need not be disclosed to Defendants in this action. *Id.* at 4.

### III. DISCUSSION

**A. Ex-Parte, In Camera Review**

Defendants complain of the process through which this matter is before the Court, asserting that they should be entitled to review the document at issue before the Court decides discoverability so that Defendants may better tailor their arguments. Dkt. #47 at 2–3. But, as the government notes, within the Ninth Circuit, "[i]f the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation." Dkt. #43 at 3 (quoting *United States v. Cadet*, 727 F.2d 1453, 1467–68 (9th Cir. 1984) and citing additional cases). Defendants point to no applicable contrary authority. Regardless, the issue is ultimately moot as the Court finds that the government must produce the memorandum.

//

//

---

[1] T-Mobile previously brought a civil action seeking unjust enrichment damages and lost profits. *See T-Mobile USA Inc. v. Huawei Device USA Inc.*, CV14-1351RAJ (W.D. Wash.). That action resulted in a jury verdict awarding T-Mobile $4,800,000 in unjust enrichment damages. *Id.* at Dkt. #484 (May 18, 2017).

ORDER – 2

**B. Discoverability**

While much of the parties' briefing concerns whether the memorandum is *Brady*[2] material which must be disclosed, the Court begins its analysis by considering the issue under the relevant Federal Rules of Criminal Procedure:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> **(i)** the item is material to preparing the defense;

FED. R. CRIM. P. 16(a)(1)(E)(i). Rule 16 provides for broad discovery because "[m]ateriality is a low threshold." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). The threshold is satisfied if the document "would have helped . . . prepare a defense" or could cause "a defendant to completely abandon a planned defense and take an entirely different path." *Id.* (quoting *United States v. Doe,* 705 F.3d 1134, 1151 (9th Cir. 2013)) (quotation marks omitted).

Here, there is little question that having the prosecution's legal analysis related to a portion of the case would aid the defense in determining its strategy and is therefore material. The government expresses concern with such an approach, albeit in a slightly different context:[3] "a prosecutor would need to turn over every prosecution memorandum that discussed a weakness in the case. [Defendants'] position is clearly not the law—and for good reason—because it would unduly chill prosecutors from fully and candidly analyzing their cases." Dkt. #49 at 2. The Court does not share the government's concern.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

[3] The government raised this concern to rebut what it characterized as Defendants' argument that non-disclosure of a prosecutor's legal analysis would violate *Brady* obligations and that prosecutors' legal opinions therefore must be disclosed as *Brady* material. *See* Dkt. #49 at 2.

ORDER – 3

In the ordinary course, Rule 16 already protects prosecution memoranda because it "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." FED. R. CRIM. P. 16(a)(2). This broad exemption extends "beyond the work product privilege as defined in the civil context." *United States v. Fort*, 472 F.3d 1106, 1115 (9th Cir. 2007). But, the Rule 16(a)(2) exemption is of no utility to the government here as the memorandum was not an *internal* governmental report, memorandum, or document.[4] Rather, it was created for and shared with T-Mobile and nothing in the government's briefing leads to a contrary conclusion.

First, the government does not demonstrate that T-Mobile, as the victim, should be considered a government agent such that the document remained "internal." Rule 16(a)(2)'s protections extend beyond government employees. *United States v. Fort*, 472 F.3d 1106, 1113 (9th Cir. 2007) ("We thus find it more reasonable that, read in context, 'government agent'

---

[4] The Court notes that the government does not actually argue that the work product doctrine protects the memorandum. Nor does anything in the government's briefing convincingly establishes that a document created by the government to be shared with T-Mobile, and subsequently shared with T-Mobile, is entitled to work product protections or that those protections were not waived. *United States v. Nobles*, 422 U.S. 225, 236 (1975) (agreeing that work product "doctrine applies to criminal litigation as well as civil"). The government did not assert within the memorandum that it considered the memorandum confidential or that T-Mobile should treat it as confidential. The memorandum also was not an internal government document that was merely shared with T-Mobile as an attachment. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129–30 (9th Cir. 2012) (considering whether document fell within common interest exemption to waiver of work product, but concluding that victim of crime and government did not necessarily share a common interest that would protect waiver of privilege because "a shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within [the common interest exemption to waiver, rather] . . . the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement– whether written or unwritten"); *but see United States v. Stewart*, 287 F. Supp. 2d 461 (S.D.N.Y. 2003) (determining that waiver had not occurred by disclosure to a third party in part by considering whether their interests were aligned and also noting that some courts judge waiver by considering whether the disclosure served a "litigation purpose").

ORDER – 4

includes non-federal personnel whose work contributes to a federal criminal 'case.'"). For instance, one district court within the Ninth Circuit has concluded that a retained consulting expert's written analysis qualified as a document created by an "other government agent" for purposes of exemption under Rule 16(a)(2). *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2016 WL 3185008, at *5 (N.D. Cal. June 8, 2016). That court concluded that the expert's analysis was "precisely the sort of 'work [that] contributes to a federal criminal case' that the Ninth Circuit held was included within Rule 16(a)(2)'s protections."[5] *Id.* (citing *Fort*, 472 F.3d at 1113) (quotation marks omitted). But the government has not established that written communications with the victim should be entitled to similar protection or that the victim was acting as an "other government agent."[6]

Second, the government argues that its discovery obligations extend only to facts, not opinions. But this conflicts with Rule 16 and conflates the government's various discovery obligations. *Fort*, 472 F.3d at 1116 (noting "Rule 16 does not stand in isolation as the sole source of discovery obligations"). Further, the cases the government relies on dealt with after the fact considerations of whether *Brady* violations had occurred. Dkt. #49 at 6 (citing *United States v. Kohring*, 637 F.3d 895, 907 (9th Cir. 2011) and *Morris v. Ylst*, 447 F.3d 735, 742–43 (9th Cir. 2006)). Under those cases, the Court agrees that non-disclosure here may not have risen to a

---

[5] The court further concluded Rule 16(a)(2) protection had not been waived, in part, because "the Government shared the attachments only with individuals whose work would be covered by Rule 16(a)(2)'s protections." *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2016 WL 3185008, at *6 (N.D. Cal. June 8, 2016).

[6] The government argues that this leads to the untenable result that "the government could not, for example, sit down with a sexual assault victim and discuss the potential pitfalls in the case, without fear that the conversation would suddenly become a discoverable event." Dkt. #49 at 2. The Court need not consider the hypothetical. But, considering a more analogous situation where the government takes the unusual step of preparing a carefully drafted legal memorandum laying out its legal analysis to share with that sexual assault victim, requiring disclosure to the defendant does not strike the Court as untenable.

ORDER – 5

*Brady* violation. Antithetical as this may seem, the different results are reached under different applicable legal standards. *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (for *Brady*, the "touchstone of materiality is a 'reasonable probability' of a different result"); *Pac. Gas & Elec. Co.*, 2016 WL 3185008, at *2 ("The *Brady* standard for materiality is higher than Rule 16's, and its scope narrower.") (citing *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013) ("Rule 16 is thus broader than *Brady*. Information that is not exculpatory or impeaching may still be relevant to developing a possible defense.")). But, having found that disclosure of the document is otherwise required by Rule 16, the Court does not need to further determine whether the document constitutes *Brady* material.

## IV.  CONCLUSION

Accordingly, having considered the parties' briefing and the relevant record, the Court finds and ORDERS that the Government's Motion Regarding the Discoverability of a Particular Document (Dkt. #43) is RESOLVED as requiring disclosure. The government shall produce the document at issue within five (5) days of this Order.

DATED this 22nd day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6