Chief Judge Ricardo S. Martinez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

v.

HUAWEI DEVICE CO., LTD., and
HUAWEI DEVICE USA, INC.,

*Defendants*.

No. 19-CR-010

**DEFENDANTS' MOTION TO
DISMISS COUNT TEN FOR
FAILURE TO STATE AN OFFENSE
AND LACK OF SPECIFICITY, OR
IN THE ALTERNATIVE, FOR A
BILL OF PARTICULARS**

**NOTE ON MOTION CALENDAR:
August 9, 2019**

***ORAL ARGUMENT REQUESTED***

17      Defendants Huawei Device Co., Ltd. ("Huawei China"), and Huawei Device USA, Inc.

18  ("Huawei USA") (collectively, "Huawei Device"), through counsel, respectfully move to dismiss

19  Count Ten, pursuant to Fed. R. Crim. P. 12(b)(3)(B), for failure to state an offense and lack of

20  specificity.  Specifically, the Indictment fails to allege that Huawei Device acted with corrupt

21  intent or that any of the alleged obstructive acts have a nexus to an official proceeding.

22

23  Alternatively, if the Court declines to dismiss Count Ten, Huawei Device respectfully moves,

24  pursuant to Fed. R. Crim. P. 7(f), for a bill of particulars specifying the factual basis for the

25  allegations in Count Ten.

26
27
28

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

## INTRODUCTION

The Court should dismiss Count Ten for failure to state an offense and lack of specificity. Such an obstruction charge requires that (1) the defendant act with corrupt intent, and (2) the obstructive acts have a nexus to an official proceeding. Yet, Count Ten does not allege any specific facts to establish these critical elements. Instead, the Indictment contains only bald legal conclusions that Huawei Device was "concerned" about potential civil litigation and a criminal investigation at the time. Because Count Ten fails to provide Huawei Device with a meaningful understanding of the "essential facts constituting the offense charged," it must be dismissed. Fed. R. Crim. P. 7(c)(1). Alternatively, if the Court declines to dismiss Count Ten, it should require bill of particulars specifying the Indictment's vague and conclusory assertions regarding the alleged obstruction of justice.

## BACKGROUND

The Indictment charges Huawei Device with theft of trade secrets conspiracy (Count One), attempted theft of trade secrets (Count Two), wire fraud (Counts Three to Nine), and obstruction of justice (Count Ten). Count One includes extensive allegations regarding T-Mobile, the Tappy Robot System, the relationship between T-Mobile and Huawei Device, and the alleged theft of trade secrets from T-Mobile. Ind. ¶¶ 2-49. The Indictment's other counts are much less detailed. *See* Ind. ¶¶ 51-52; Ind. ¶¶ 53-63; Ind. ¶¶ 64-65. To be sure, the other counts incorporate the factual allegations of Count One by reference, Ind. ¶¶ 51, 53, 64, but the additional counts include little to no specific factual allegations.

Count Ten, which is particularly threadbare, charges that Huawei Device violated 18 U.S.C. § 1512(c)(2) when it allegedly "attempted to corruptly obstruct, influence, and impede an official proceeding, that is, the proceedings in *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, C14-1351RAJ . . . ; and Federal grand jury proceedings in the Western District of Washington."

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 2

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

1   Ind. ¶ 65.  Count Ten merely tracks the text of the underlying statute.  18 U.S.C. § 1512(c)(2)

2   ("[w]hoever corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts

3   to do so").

4        Count Ten appears to be based on Section E of Count One.  Ind. ¶ 37.  That section

5   alleges that "T-Mobile's discovery of the theft of the robot part and F.W.'s unauthorized access

6   of the laboratory caused great and immediate concern for [Huawei Device] for several reasons."

7   Ind. ¶ 37.  In addition to the "concern[] that T-Mobile would terminate its business relationship

8   with" Huawei Device, Huawei Device was also allegedly "concerned about the potential for

9   federal civil ligation" and "concerned that T-Mobile would refer the matter to federal law

10   enforcement authorities, prompting a Federal grand jury investigation."  Ind. ¶ 37.[1]

11

12        Count One also alleges that Huawei Device "attempted to affirmatively mislead T-

13   Mobile about what had happened in T-Mobile's laboratory," including through an internal

14   investigation, the investigation's findings, during T-Mobile's interview of two Huawei Device

15   employees, and in communications with T-Mobile.  Ind. ¶¶ 37-46.  The description of Huawei

16   Device's internal investigation and communications with T-Mobile (Ind. ¶¶ 39-45), which

17   occurred between June and October 2013, does not allege that anyone at Huawei Device

18   discussed or was otherwise focused on potential civil litigation or a grand jury investigation.  The

19   first reference to potential civil litigation in the Indictment occurred seven months later, in May

20   2014, when T-Mobile allegedly sent a legal demand letter to Huawei Device threatening

21

22

23

24

25       [1] The Indictment also alleges that Huawei Device was "concerned about additional harm to Huawei's reputation"—purportedly because Huawei Device had "already been the subject of negative publicity regarding the company's past practice of misappropriating proprietary business information and technology."  Ind. ¶ 38.  Huawei Device is separately moving to strike this irrelevant and prejudicial paragraph from the Indictment and to exclude any such evidence from trial.

26

27

28

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 3

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

1  litigation to which Huawei Device's in-house counsel responded.  Ind. ¶ 46.  The narrative

2  allegations contain no reference to any potential grand jury investigation.

**ARGUMENT**

3

4  I.   **The Court Should Dismiss Count Ten for Failure to State an Offence and for Lack**

5       **of Specificity.**

6        A defendant is denied the constitutional right to a fair trial when the government fails to

7  provide notice of the charges against which the defendant must defend.  *See Russell v. United*

8  *States*, 369 U.S. 749, 760-61 (1962).  Here, Count Ten fails to allege with specificity the key

9  elements of the obstruction of justice offense:  corrupt intent and a nexus to an official

10 proceeding.  It is not enough simply to make naked assertions that do not address each of the

11 elements of the charged offense.  Allowing the threadbare obstruction charge in Count Ten to

12 proceed would (1) undermine Huawei Device's ability to understand the nature of the charges

13 against it and to prepare a defense, (2) create the danger of surprise at trial, and (3) prevent

14 Huawei Device from pleading jeopardy against a subsequent prosecution.  *United States v.*

15 *Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991).  For these reasons, the Court should dismiss Count

16 Ten for failure to state a claim and for lack of specificity.

17

18 A.   **Legal Standards**

19       A defendant may move to dismiss an indictment where the indictment "fail[s] to state an

20 offense."  Fed. R. Crim. P. 12(b)(3)(B)(v).  An indictment must contain a "plain, concise, and

21 definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim.

22 P. 7(c)(1).  An indictment must allege sufficient facts (1) to enable the defendant to prepare a

23 defense, (2) to ensure that the defendant is prosecuted on the basis of facts presented to the grand

24 jury, (3) to enable the defendant to plead jeopardy against a later prosecution, and (4) to inform

25 the court of the facts alleged so that it can determine the sufficiency of the charge.  *United States*

26 *v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam); *see also United States v. King*, 587

27

28

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE
AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 4

**Yarmuth** LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

F.2d 956, 963 (9th Cir. 1978) ("The failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect.").

### B.  Corrupt Intent Is an Essential Element of Count Ten.

Corrupt intent is an essential element of the obstruction charge alleged in Count Ten. Count Ten charges Huawei Device with obstruction of justice in violation of 18 U.S.C. § 1512(c)(2), which prohibits "corruptly . . . obstruct[ing], influenc[ing], or imped[ing] any official proceeding."  18 U.S.C. § 1512(c)(2).  The Ninth Circuit has not defined the specific parameters of corrupt intent in the context of Section 1512(c).  *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013).  But in interpreting a different section of the same obstruction statute charged here—Section 1512(b)—the Supreme Court interpreted "corruptly" to mean "wrongful, immoral, depraved, or evil" and held that acting "knowingly . . . corruptly" as defined in Section 1512(6) requires "conscious[ness] of wrongdoing."  *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-06 (2005); *see also United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013) (corrupt intent under Section 1512(c)(2) means to "act[] with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct" the relevant proceeding) (some quotation marks omitted).

Thus, for purposes of Section 1512, conduct is not unlawful unless it is undertaken with a corrupt intent.  *See United States v. Doss*, 630 F.3d 1181, 1191 (9th Cir. 2011), *as amended on reh'g in part* (Mar. 15, 2011) (reversing witness tampering conviction under 18 U.S.C. § 1512(b) where the defendant simply "appealed to his wife to exercise her marital privilege not to testify against him"); *United States v. Liew*, 856 F.3d 585, 603 (9th Cir. 2017) (reversing convictions under 18 U.S.C. § 1512(c) where filing of a purportedly false answer in a civil proceeding was "tantamount to a general denial of legal liability").  In other words, without evidence of consciousness of wrongdoing and specific intent to obstruct justice, actions to influence others

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 5

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

are not criminal obstruction, even if the acts affected an official proceeding.  Corrupt intent is a key element of the obstruction charge, which must be alleged and proved.

### C.     A Nexus to an Official Proceeding Is an Essential Element of Count Ten.

A "nexus" between the allegedly obstructive acts and an official proceeding is an essential element of the obstruction charge alleged in Count Ten.  Section 1512(c)(2) requires that the obstructive conduct be undertaken in connection with (*i.e.*, to have a nexus to) an "official proceeding."  18 U.S.C. § 1512(c)(2).

The Supreme Court has consistently held that obstruction statutes require a nexus between the obstructive conduct and an official proceeding.  For instance, the Supreme Court has held that 18 U.S.C. § 1503 requires a "nexus" between the obstructive act and an official proceeding showing "that the act [had] a relationship in time, causation, or logic with the judicial proceeding."  *United States v. Aguilar*, 515 U.S. 593, 599 (1995).  Similarly, the Supreme Court applied a nexus requirement to Section 1512(b)(2)(A), concluding that the statute did not apply "when [the defendant] does not have in contemplation any particular official proceeding in which those documents might be material."  *Arthur Andersen,* 544 U.S. at 708.  Most recently, the Supreme Court held that a defendant could be convicted under the omnibus obstruction clause of the Internal Revenue Code (26 U.S.C. § 7212(a)) only if "there is a 'nexus' between the defendant's conduct and a particular administrative proceeding."  *Marinello v. United States*, 138 S. Ct. 1101, 1109 (2018).

The Ninth Circuit has not explicitly held that Section 1512(c)(2) includes a nexus requirement.[2]  But every other circuit to consider the issue has held that Section 1512(c)(2)

---

[2] In an unpublished decision, the Ninth Circuit stated it "ha[d] not ruled on whether 18 U.S.C. § 1512(c)(2) contains a nexus requirement to an official proceeding," and declined to decide the issue.  *United States v. Liang*, 727 F. App'x 927, 929 n.1 (9th Cir. 2018) (per curiam). In another case, the Ninth Circuit suggested in dicta that Section 1512(c)(2) included a nexus

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 6

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

includes a nexus requirement.  *See United States v. Young*, 916 F.3d 368, 386 (4th Cir. 2019)

(collecting cases and concluding that no circuit has rejected the application of the nexus

requirement to Section 1512(c)(2)).[3]  Thus, under existing precedent, "the government must

prove that such a proceeding was reasonably foreseeable to the defendant" and "that there was a

'nexus' between the defendant's conduct and the pending, or foreseeable, official proceeding."

*United States v. Martinez*, 862 F.3d 223, 237 (2d Cir. 2017), *vacated on other grounds sub nom.*

*Rodriguez v. United States*, -- S. Ct. ---, 2019 WL 2649795, at *1 (June 28, 2019).

As an essential element of Section 1512(c)(2), the nexus requirement must be alleged in

the Indictment.  The Ninth Circuit has not specifically addressed the question of whether the

nexus requirement must be alleged in an indictment.  While two unreported decisions from the

Southern District of California concluded that the nexus requirement must be proven at trial, but

need not be alleged in the indictment,[4] those non-binding decisions fail to grapple with

longstanding Supreme Court precedent that an indictment must set forth all elements of an

offense.  A more recent decision from the District of Alaska persuasively held that the nexus

element must be alleged in the indictment.  *See United States v. Lawson*, No. 16-0121, 2018 WL

3375170 (D. Alaska July 5, 2018), *report and recommendation adopted*, 2018 WL 3370517 (D.

Alaska July 10, 2018).

---

requirement.  *United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013), as amended (Aug. 28, 2013) (concluding that interpreting the obstruction statute to "reach so far back as to cover conduct that occurred even pre-criminal-investigation" "would be in tension with Supreme Court precedent requiring a nexus between the obstructive act and criminal proceedings in court").

[3] *See also United States v. Petruk*, 781 F.3d 438, 445 (8th Cir. 2015); *United States v. Tyler*, 732 F.3d 241, 249-50 (3d Cir. 2013); *United States v. Bennett*, 664 F.3d 997, 1013 (5th Cir. 2011), *vacated on other grounds,* 567 U.S. 950 (2012); *United States v. Friske*, 640 F.3d 1288, 1292 (11th Cir. 2011); *United States v. Phillips*, 583 F.3d 1261, 1263-64 (10th Cir. 2009); *United States v. Reich*, 479 F.3d 179, 186 (2d Cir. 2007) (Sotomayor, J.).

[4] *See United States v. Meza*, No. 15-3175, 2017 WL 1371102 (S.D. Cal. Apr. 7, 2017); *United States v. Brimager*, No. 13-02381, 2014 WL 1515867 (S.D. Cal. Apr. 17, 2014).

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE
AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 7

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

In *Lawson*, where the defendant was charged with obstruction in violation of 26 U.S.C. § 7212(a), the court relied on *Marinello* and held that the nexus requirement was an essential element of the offense. *Id.* at *1-5. Because the indictment failed to allege that several of the charged obstructive acts had any nexus to an administrative proceeding, the court dismissed the count unless the government agreed to strike those obstructive acts. *Id.* at *5; *see also United States v. Genao*, 343 F.3d 578, 585 (2d Cir. 2003) ("We hold that the indictment in the instant case does not set forth a sufficient nexus between Genao's false statements and a federal judicial proceeding so as to establish a violation of § 1503."). As in *Lawson*, the nexus requirement is an essential element of the obstruction charge in Count Ten that must be alleged in the Indictment.

### D. The Indictment Fails to Allege the Corrupt Intent and Nexus Elements with Specificity.

The first requirement of the constitutional right to a fair trial is notice of the charges against which the accused must defend. *See Russell v. United States*, 369 U.S. 749, 760-61 (1962) (right to notice is rooted in Sixth Amendment's Notice Clause, Fifth Amendment's Due Process Clause, and Fifth Amendment's Grand Jury Clause); *see also Bousley v. United States*, 523 U.S. 614, 618 (1998). In addition to alleging the elements of the charged offenses, an indictment must "apprise the defendant *with reasonable certainty* of the nature of the accusation against him" and ensure that the government is not "free to roam at large." *Russell*, 369 U.S. at 765, 768 (quotations omitted; emphasis added). "[A]ll the material facts and circumstances embraced in the definition of the offence must be stated, or the indictment will be defective." *United States v. Hess*, 124 U.S. 483, 486 (1888).

Where an indictment tracks the generic language of the statute, it will state an offense *only* if it is "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* at 487. Although the government "need not allege its theory of the case or supporting

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 8

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

evidence," an indictment must allege the "'essential facts necessary to apprise a defendant of the crime charged.'" *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982) (quoting *United States v. Markee*, 425 F.2d 1043, 1047-48 (9th Cir. 1970)).  Count Ten does not clear that threshold.  Aside from listing without explanation the start and end dates of the alleged obstruction and the two official proceedings at issue, the threadbare allegations in Count Ten simply track the statute.  Ind. ¶ 65.  Moreover, none of the narrative allegations incorporated in Count Ten allege with specificity that Huawei Device acted with corrupt intent and with a nexus to an official proceeding.

The Indictment includes several conclusory statements that provide the only possible nexus between Huawei Device's actions and any official proceedings—*i.e.*, that Huawei Device was "*concerned* about the potential for federal civil litigation" and that Huawei Device was "*concerned* that T-Mobile would refer the matter to federal law enforcement authorities, prompting a Federal grand jury investigation . . . ."  Ind. ¶ 37 (emphasis added).  These are pure legal conclusions, not factual allegations.  The government could presumably allege identical "concerns" on the part of every participant in every business dispute.  Surely, such conclusory statements, untethered to any specific factual allegations, are insufficient to plead the required nexus.  Repeatedly stating that Huawei Device was "concerned," without factual basis or specificity, does not descend to the particulars necessary to put Huawei Device on notice of the charge against it.  *Russell*, 369 U.S. at 765; *Buckley*, 689 F.2d at 897.  Thus, the allegations in paragraph 37 are not sufficiently specific to sustain the charge in Count Ten.

Likewise, the allegation that T-Mobile eventually threatened Huawei Device with a civil lawsuit cannot establish the required elements of corrupt intent and nexus to an official proceeding for acts that long preceded that threat.  The Indictment alleges that T-Mobile sent a legal demand letter to Huawei Device on May 5, 2014, to which Huawei Device's in-house

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 9

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

1  counsel responded later that month, "reiterate[ing]" certain allegedly false representations that

2  Huawei Device had made several months earlier, before any threatened official proceeding.  The

3  core allegations related to Huawei Device's purported "cover-up" took place at least six months

4  earlier.  Ind. ¶ 46.  This demand letter post-dating the earlier alleged acts of obstruction by six

5  months or more cannot establish Huawei Device's corrupt intent to obstruct justice or the

6  requisite nexus.

7

8        For the reasons set forth above, the Court should dismiss Count Ten because it fails to

9  state an offense and lacks specificity.

10  **II.   In the Alternative, The Court Should Order the Government to Submit a Bill of**
        **Particulars.**

11

12        An indictment that fails to set forth a sufficient factual basis for the charges must be

13  dismissed, and it cannot be saved by a bill of particulars.  *See Russell*, 369 U.S. at 770; *United*

14  *States v. ORS, Inc.*, 997 F.2d 628, 631 n.5 (9th Cir. 1993); *Cecil*, 608 F.2d at 1296.  Nonetheless,

15  in the unlikely event that the Court declines to dismiss Count Ten, it should at a minimum order

16  the government to provide a bill of particulars specifying the information sought in this motion.

17

18        While an unsatisfactory outcome here, the Court has discretion to "direct the government

19  to file a bill of particulars."  Fed. R. Crim. P. 7(f).  "[A] bill of particulars is appropriate where a

20  defendant requires clarification in order to prepare a defense."  *United States v. Long*, 706 F.2d

21  1044, 1054 (9th Cir. 1983).  Specifically, the purpose of a bill of particulars is (1) "to inform the

22  defendant of the nature of the charge[s] against him with sufficient precision to enable him to

23  prepare for trial," (2) "to avoid or minimize the danger of surprise at the time of trial," and (3) to

24  enable a defendant "to plead his acquittal or conviction in bar of another prosecution for the

25  same offense when the indictment itself is too vague, and indefinite for such purposes."  *United*

26  *States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (internal quotation marks and citation

27  omitted).

28

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE
AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 10

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

On March 15, 2019, Huawei Device requested a bill of particulars from the government seeking, among other information, "the bases for the allegations that [Huawei Device] was 'concerned' 'that T-Mobile would terminate its relationship with them,' 'about the potential for civil litigation,' and 'that T-Mobile would refer the matter to federal law enforcement authorities,' including the identities of all individuals who expressed such 'concern.'" *See* Ex. A, Ltr. from James F. Hibey, et al. to Todd Greenberg, et al., at 2.  The letter also requested specifics on "the manner in which [Huawei Device] attempted to obstruct" the official proceedings at issue.  *Id.* at 3.  On March 29, 2019, the government declined to provide any of the requested particulars.  *See* Ex. B, Ltr. from Thomas Woods, et al. to Brian Heberlig, et al.[5]

Huawei Device is entitled to know the particular allegations that form the basis of the charges against it.  That includes each element of the charge.  Count Ten's vague and conclusory allegations do not specify which acts the grand jury believed were obstructive or which facts establish Huawei Device's corrupt intent.  Nor do the bald legal conclusions that Huawei Device was "concerned" about civil litigation and a grand jury investigation (Ind. ¶ 37) specify how any allegedly obstructive acts had a nexus to an official proceeding.  At a minimum, a bill of particulars is required.

### CONCLUSION

For the reasons set forth above, the Court should dismiss Count Ten for failure to state an offense and lack of specificity.  Alternatively, the Court should order the government to provide a bill of particulars forthwith.

---

[5] The government's letter claims that a bill of particulars is not required if the government's disclosures, including discovery, adequately advise the defendant of the nature of the charges.  *See* Ex. B, at 1.  Even if discovery could provide Huawei Device with an adequate understanding of the obstruction charge alleged in Count Ten, subsequent disclosures, including a bill of particulars, cannot save a faulty indictment.  *Russell*, 369 U.S. at 770; *ORS*, 997 F.2d at 631 n.5; *Cecil*, 608 F.2d at 1296.

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE
AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 11

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

1

Dated: August 1, 2019

Respectfully submitted,

2

3

**YARMUTH LLP**

4

By: *s/ Robert Westinghouse*
Robert Westinghouse, WSBA No. 6484

5

1420 Fifth Avenue, Suite 1400
Seattle, WA 98101

6

Telephone: (206) 516-3800
Fax: (206) 516-3888

7

rwestinghouse@yarmuth.com

8

9

**STEPTOE & JOHNSON LLP**

10

James F. Hibey (*pro hac vice*)
Brian M. Heberlig (*pro hac vice*)

11

1330 Connecticut Avenue, NW
Washington, DC 20036

12

Telephone: (202) 429-3000
Fax: (202) 429-3902

13

jhibey@steptoe.com
bheberlig@steptoe.com

14

15

*Attorneys for Defendants Huawei Device*
*Co., Ltd., and Huawei Device USA, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE
AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 12

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for the Government**

Todd Greenberg
Thomas M. Woods
Siddharth Velamoor
U.S. Attorney's Office (Sea)
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: 206.553.7970
Todd.Greenberg4@usdoj.gov
Thomas.Woods2@usdoj.gov
Siddharth.Velamoor@usdoj.gov

DATED: August 1, 2019, at Seattle, Washington.

*s/ Vassie Skoulis*
Vassie Skoulis, Legal Assistant

DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE
AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 13

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

# Exhibit A to Defendants' Motion to Dismiss Count Ten for Failure to State an Offense and Lack of Specificity, or in the Alternative, for a Bill of Particulars

James F. Hibey
202 429 6407
jhibey@steptoe.com

Brian M. Heberlig
202 429 8134
bheberlig@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com



March 15, 2019

**By Electronic Mail**

AUSA Todd Greenberg
AUSA Thomas M. Woods
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

      Re:    *United States v. Huawei Device Co., Ltd., and Huawei Device USA, Inc.*,
              Case No. 2:19-cr-00010-RSM (W.D. Wa.)
              <u>Defendants' Request for a Bill of Particulars re Indictment</u>

Dear Counsel:

On behalf of Defendants Huawei Device Co., Ltd. ("Huawei China") and Huawei Device USA, Inc. ("Huawei USA") (collectively "Huawei"), we hereby request specification of certain allegations in the Indictment to permit Huawei to prepare a defense to the charges. We submit these requests in an effort to reach an agreement with the government short of motions practice under Federal Rule of Criminal Procedure 7(f).

Our specific requests regarding the allegations in the Indictment are as follows:

1.    Please identify the "others known and unknown" with whom Huawei allegedly "conspired and agreed" to steal trade secrets belonging to T-Mobile. (¶ 1).

2.    Please identify the "someone other than T-Mobile" for whose economic benefit Huawei allegedly intended to convert the alleged trade secrets. (¶¶ 1, 52).

3.    Please identify the bases for the allegation that Huawei conspired and agreed to steal T-Mobile's trade secrets "knowing that the offense would injure T-Mobile." (¶¶ 1, 52).

AUSA Todd Greenberg
AUSA Thomas M. Woods
March 15, 2019
Page 2



4.    Please identify the "multiple inquiries about licensing or purchasing the Tappy system" that T-Mobile allegedly received, as well as T-Mobile's declinations of such offers.  (¶ 5).

5.    Please identify the bases for the allegation that Huawei's "phones were failing Tappy's testing at a disproportionate rate compared to other suppliers' phones." (¶ 12).

6.    Please identify the bases for the allegations that Huawei was "concerned" "that T-Mobile would terminate its relationship with them," "about the potential for civil litigation," and "that T-Mobile would refer the matter to federal law enforcement authorities," including the identities of all individuals who expressed such "concern."  (¶ 37).

7.    Please identify the bases for the allegations that Huawei as "concerned about additional harm to Huawei's reputation," including the identity of all individuals who expressed such "concern."  (¶ 38).

8.    Please identify all "false and misleading statements" made by A.X. and F.W. in their interviews with T-Mobile security personnel.  (¶ 39).

9.    Please identify all "false and misleading statements" in the Investigation Report. (¶ 41).

10.    Please identify all of the "multiple prior occasions" on which Huawei employees allegedly took unauthorized photographs of Tappy.  (¶ 42).

11.    Please identify all of the "numerous directives" Huawei China allegedly issued to Huawei USA referenced in this paragraph.  (¶ 42).

12.    Please identify specifically which aspects of the "Tappy robot system technology" are allegedly protected trade secrets.  (¶ 49).

13.    Please identify each allegedly false and fraudulent pretense, representation, promise, and concealment of material facts at issue in the wire fraud scheme alleged in Counts 3-9, in addition to the allegedly false pretense and representation that "only authorized activity would be conducted in the laboratory." (¶¶ 54, 55).

14.    Please identify all occasions that Huawei USA, on behalf of itself and Huawei China, allegedly "represented to T-Mobile . . . that they would conduct only authorized activity within the Tappy robot laboratory, while intending that their employees would obtain confidential technical information" referenced in this paragraph.  (¶ 56).

AUSA Todd Greenberg
AUSA Thomas M. Woods
March 15, 2019
Page 3



15.    Please identify all occasions that Huawei allegedly "represented to T-Mobile that they would conduct only authorized activity within the Tappy robot laboratory, and abide by the restrictions in the" NDAs, including the identity of all employees who made any such representation, referenced in this paragraph.  (¶ 57).

16.    Please identify all aspects of the "Investigation Report" with which Huawei allegedly "attempted to mislead T-Mobile," including the identity of all employees engaged in any such alleged attempts.  (¶ 62).

17.    Please identify the date "on or after September 2, 2014" on which the alleged obstruction ended, including all actions allegedly taken after September 2, 2014 in furtherance of the alleged obstruction.  (¶ 65).

18.    Please identify the manner in which Huawei attempted to obstruct the proceedings in *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, C14-1351RAJ, and the Federal grand jury proceedings in the Western District of Washington concerning Huawei.  (¶ 65).

Please advise us whether the government will provide the requested information so that we can determine whether it will be necessary to move for a bill of particulars.  We are available to discuss this matter at your convenience.  Thank you for your consideration.

Sincerely,

James E. Hibey
Brian M. Heberlig
Steptoe & Johnson, LLP
1330 Connecticut Ave., NW
Washington, DC  20036
(202) 429-3000

Robert Westinghouse
Yarmuth Wilsdon PLLC
1420 Fifth Avenue, Suite 1400
Seattle, WA  98101
(206) 516-3835

*Counsel for Defendants Huawei Device Co., Ltd., and Huawei Device USA, Inc.*

# Exhibit B to Defendants' Motion to Dismiss Count Ten for Failure to State an Offense and Lack of Specificity, or in the Alternative, for a Bill of Particulars

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Thomas M. Woods*
*Assistant United States Attorney*
*Direct Line: (206) 553-4312*

March 29, 2019

**By Electronic Mail**

Brian Heberlig, Esq.                                        Robert Westinghouse
James F. Hibey, Esq.                                       Yarmuth Wilsdon PLLC
Steptoe & Johnson LLP

           Re:      *United States v. Huawei Device Co. et al.*
                    No. CR19-0010RSM, USDC, W.D. Washington

Dear Counsel:

        We are in receipt of your letter, dated March 15, 2019, requesting a bill of particulars as
to eighteen categories of information.  We respectfully decline to answer the requests as both
premature and unwarranted.

        Under Ninth Circuit law, a bill of particulars is warranted only when the indictment,
along with the government's disclosures, including discovery, fail to adequately advise the
defendant of the nature of the charges.  *See United States v. Giese*, 597 F.2d 1170, 1180
(9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars.").  Your request
for a bill of particulars was made prior to receiving any discovery from the government and
therefore is premature.  *See, e.g.*, *United States v. Wittmer*, No. CR 312-004, 2012 WL
12896295, at *3 (S.D. Ga. Sept. 25, 2012) (denying motion for bill of particulars as premature
because request could become moot after discovery production was complete); *United States v.
Jianyu Huang*, No. CR 12-1246 WJ, 2014 WL 12796902, at *1 (D.N.M. Feb. 27, 2014); *United
States v. Jackson*, No. CRIM 4:09CR066-P-S, 2009 WL 1690727, at *2
(N.D. Miss. June 16, 2009).

        In addition, the indictment in this case more than adequately advises the defendants of the
nature of the charges.  The indictment spans twenty-eight pages, and provides a highly detailed
factual description of the offenses.  Moreover, the Ninth Circuit has disapproved of the specific
type of requests that you make in your letter as being inappropriate for a bill of particulars.  *See
generally United States v. DiCesare*, 765 F.2d 890, 897-98 (9th Cir. 1985) (citing *United States*

//
//

*v. Long*, 449 F.2d 288, 294–95 (8th Cir. 1971); *Wilkins v. United States*, 376 F.2d 552, 562–63 (5th Cir. 1967); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965)).

Sincerely,

ANNETTE L. HAYES
First Assistant United States Attorney
(Acting Under Authority Conferred by
28 U.S.C. § 515)

/s Thomas M. Woods
TODD GREENBERG
THOMAS M. WOODS
SIDDHARTH VELAMOOR
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

No. 19-CR-010

UNITED STATES OF AMERICA,

v.

HUAWEI DEVICE CO., LTD., and
HUAWEI DEVICE USA, INC.,

*Defendants*.

**[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS COUNT TEN FOR
FAILURE TO STATE AN OFFENSE
AND LACK OF SPECIFICITY, OR
IN THE ALTERNATIVE, FOR A
BILL OF PARTICULARS**

The Court has reviewed Defendants Huawei Device Co., Ltd.'s ("Huawei China"), and Huawei Device USA, Inc.'s ("Huawei USA") (collectively, "Huawei Device") Motion to Dismiss Count Ten for Failure to State an Offense and Lack of Specificity, or in the Alternative, for a Bill of Particulars.

The Motion is granted for the reasons stated by Huawei Device.

Accordingly, [  ] Count Ten of the Indictment is dismissed, and the government shall file an amended version of the Indictment reflecting this Order; [  ] the government is hereby ordered to provide a bill of particulars specifying the information sought in the aforementioned motion.

**IT IS SO ORDERED.**

_____
Ricardo S. Martinez
Chief United States District Judge

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888