Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI DEVICE USA, INC.,<br><br>Defendants. | NO. CR19-010RSM<br><br>UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO STRIKE SURPLUSAGE |

**I.   Introduction.**

The United States of America, by and through Tessa M. Gorman, First Assistant United States Attorney for the Western District of Washington (Acting Under Authority Conferred by 28 U.S.C. § 515), and Todd Greenberg, Thomas Woods, and Siddharth Velamoor, Assistant United States Attorneys for said District, hereby files this response to the Defendants' Motion to Strike Surplusage (Dkt. 55).

The defendants move the Court to strike paragraphs 38, 47, and 48 of the Indictment as surplusage.[1]  In order to constitute surplusage, language in an indictment

---

[1] These portions of the Indictment relate to a publically issued report by the United States House of Representatives Permanent Select Committee on Intelligence (¶ 38); prior lawsuits between Huawei corporate entities and Cisco and

RESPONSE TO DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*United States v. Huawei Device Co., Ltd., et al.*  (CR19-010RSM)- 1

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

must be *both* not relevant to the charges *and* prejudicial to the defense. *United States v. Laurienti*, 611 F.3d 530, 546-47 (9th Cir. 2010). Here, the defendants fail to establish that they would suffer any prejudice as a result of the language in the indictment because, as this Court well knows, the standard practice in this District is for the indictment not to be read or provided to the jury at trial. Assuming the Court follows this practice in the instant case, as the government would request, there could be no prejudice to the defendants as a result of the inclusion of these paragraphs in the Indictment. Therefore, the Court should deny the motion.

## II. Legal Standards Governing Motions to Strike Surplusage.

Rule 7(d) of the Federal Rules of Criminal Procedure provides that "[t]he Court on motion of the defendant may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The proper purpose of a motion to strike under Rule 7(d) is "to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *Laurienti*, 611 F.3d at 546-47 (quoting *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988)). *See United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983). In order to support a motion to strike surplusage, the defendant must show that the language in the indictment is *both* irrelevant to the charges *and* prejudicial. *United States v. Laurienti*, 611 F.3d at 546-47. *See United States v. Hedgepeth*, 434 F.3d 609, 612 (3d Cir. 2006) ("[T]he court may strike surplusage from the indictment or information when it is both irrelevant (or immaterial) and prejudicial. *Logic demands the conjunctive standard*: information that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.") (emphasis added).

---

Motorola (¶ 38); and a Huawei bonus program designed to reward Huawei employees for stealing confidential information from competitors (¶¶ 47-48).

RESPONSE TO DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*United States v. Huawei Device Co., Ltd., et al.*  (CR19-010RSM)- 2

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Rule 7(d) should be "strictly construed against striking surplusage." *United States v. Ali Razaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998) (citation omitted). Whether to strike language in an indictment as surplusage is committed to the discretion of the trial court, and denial of a motion to strike surplusage is reviewed on appeal for abuse of discretion. *Laurienti*, 611 at 546-47; *Terrigno*, 838 F.2d at 373.

### III. The Court Should Deny the Motion Because there will be no Prejudice if the Indictment is Not Read or Provided to the Jury.

When an indictment is not read or provided to the jury, the allegations therein – no matter how salacious – cannot not possibly prejudice the jury's deliberations against the defendant. *Hedgepeth*, 434 F.3d at 612 ("In the absence of any evidence that the jury was exposed to the [] indictment, Hedgepeth's claim of prejudice fails before it leaves the gate, as information never revealed to the jury could not have prejudiced its deliberations."). Assuming that this Court does not intend to read or provide the indictment to the jury in the instant case, the Court should deny the defendants' motion because the jury will not be prejudiced by any of the allegations in the indictment. *Id.* ("information that is irrelevant need not be struck [from an indictment] if there is no evidence that the defendant was prejudiced by its inclusion.").

In recognition of this principle, district courts routinely have denied motions to strike surplusage when the indictment is not provided or read verbatim (or at all) to the jury. As one court has explained:

> Allegations in the indictment that are never read to the jury are not prejudicial and therefore need not be stricken. . . . While some courts have a practice of providing a copy of the indictment, or reading it verbatim to the jury, this Court does not. The Court, according to its usual practice, will not give a copy of the indictment to the jurors, and will screen irrelevant, prejudicial material from the jury, including any unnecessary contents of the indictment. There is, therefore, no surplusage in the indictment. Issues regarding what the jury will see or hear can be resolved at trial or by motions in limine.

RESPONSE TO DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*United States v. Huawei Device Co., Ltd., et al.* (CR19-010RSM)- 3

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*United States v. Ballard*, 2007 WL 4365499 *2 (E.D. Ca. 2007) (citing *Hedgepeth*, 434 F.3d at 613). *See e.g., United States v. Prejean*, 429 F.Supp.2d 782, 796-97 (E.D. La. 2006) (denying motion, in part, because the indictment "will not be read to the jury during the trial"; instead, a non-prejudicial summary of the indictment would be read); *United States v. Nacchio*, 2006 WL 2475282 *5 (D. Colo. 2006) ("In light of the fact that this court does not make a practice of reading the entire indictment to the jury at the outset of trial, the inclusion of this material in the indictment is not prejudicial nor does inclusion suspend the rules of evidence."); *United States v. Watters*, 2010 WL 3369844 *1 (N.D. Ohio 2010) ("With regard to the motion to strike surplusage from the indictment, I believe that motion is moot.  It is not my practice to read the indictment or otherwise provide it to the jury. . . .  That being so, striking some portion of the indictment is not necessary."); *United States v. Islamic American Relief Agency*, 2009 WL 3062176 *1 (W.D. Mo. 2009) ("Because the Court controls the language read to the jury, including the language of an indictment, the Court can address Defendants' concerns by the manner in which the Court reads the Indictment to the jury."); *United States v. Gross*, 2008 WL 4559851 *6 (E.D. Wash. 2008) (noting that "as a general rule, surplusage in an indictment is simply ignored," and denying motion, in part, because indictment was not read to the jury) (citing *United States v. Heck*, 499 F.2d 778, 792 (9th Cir. 1974)); *United States v. Poulsen*, 2008 WL 4326461 *8 (S.D. Ohio 2008) (denying motion to strike surplusage because indictment would not be provided to jury and the prejudicial portions of the indictment would be omitted during the court's reading of the indictment); *United States v. Bordewick*, 2007 WL 4287333 *4 (N.D. Cal. 2007) ("Allegations in the indictment that are never read to the jury are not prejudicial and therefore need not be stricken.") (citing *Hedgepeth*, 434 F.3d at 613).

Not surprisingly, the decisions cited by the defendants in which courts granted motions to strike surplusage appear to involve cases in which the indictment was read and/or provided to the jury at trial. *See, e.g. United States v. Vastola*, 670 F. Supp. 1244,

RESPONSE TO DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*United States v. Huawei Device Co., Ltd., et al.*  (CR19-010RSM)- 4

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1255 (D. N.J. 1987) ("[T]he court is concerned with the prejudicial effect on the jury of listening to the *judge* recite this [indictment] preamble at the opening of the case.") (original emphasis); *United States v. Poindexter*, 725 F. Supp. 13, 35 (D.D.C. 1989) (noting that the language of the indictment "could improperly indicate to a jury" that defendants had been charged with other offenses); *United States v. Hubbard*, 474 F. Supp. 64, 82-83 (same); *United States v. Gerlay*, 2009 WL 3872143 (D. Alaska 2009) (same).

Here, assuming the Court does not read or provide the Indictment to the jury, then there could be no prejudice to the defendants as a result of any of the language contained therein. Therefore, there is no need for the Court to strike any portions of the Indictment as surplusage, and the motion should be denied.

In disposing of the defendants' motion, the Court need not address the second element of surplusage – whether the language in the indictment is relevant to the charges – because the defendants entirely fail to establish the first element – prejudice. As a result, the government will not address the issue of relevancy herein. Instead, the government will set forth the various reasons why the allegations in paragraphs 38, 47, and 48 are relevant to the charges in this case when it responds substantively to the defendant's separate motion to exclude this evidence at trial. *See* Defendant's Motion to Exclude Irrelevant and Prejudicial Evidence at Trial (Dkt. 53).

//
//
//

RESPONSE TO DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*United States v. Huawei Device Co., Ltd., et al.* (CR19-010RSM)- 5

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. Conclusion.

WHEREFORE, for the reasons set forth herein, the government submits that the Court should deny the defendants' Motion to Strike Surplusage.

DATED this 22nd day of August, 2019.

    Respectfully submitted,

    TESSA M. GORMAN
    First Assistant United States Attorney
    (Acting Under Authority Conferred by
    28 U.S.C. § 515)

    *s/ Todd Greenberg*
    TODD GREENBERG
    THOMAS WOODS
    SIDDHARTH VELAMOOR
    Assistant United States Attorneys
    700 Stewart Street, Suite 5220
    Seattle, WA 98101-1271

RESPONSE TO DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*United States v. Huawei Device Co., Ltd., et al.* (CR19-010RSM)- 6

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/Jenny Fingles*
JENNY FINGLES
Legal Assistant
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
E-mail: jenny.fingles@usdoj.gov

RESPONSE TO DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*United States v. Huawei Device Co., Ltd., et al.*  (CR19-010RSM)- 7

UNITED STATES ATTORNEY
700 STEWART STREET SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI DEVICE USA, INC.,<br><br>Defendants. | NO. CR19-010RSM<br><br>**ORDER DENYING MOTION TO STRIKE SURPLUSAGE** |

The Court, having considered the parties' briefing and the relevant record on the Defendants' Motion to Strike Surplusage (Dkt. 55), HEREBY denies the motion. The Court intends to follow this District's standard practice of not reading or providing the Indictment to the jury at trial. As a result, none of the language in the Indictment could result in any prejudice to the Defendants, and therefore none of it need be stricken as surplusage.

DATED this ____ day of August, 2019.

_____
RICARDO S. MARTINEZ
Chief United States District Judge

ORDER DENYING MOTION TO STRIKE SURPLUSAGE
*United States v. Huawei Device Co., Ltd., et al.*  (CR19-010RSM) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Presented by:

TESSA M. GORMAN
First Assistant United States Attorney
(Acting Under Authority Conferred by 28 U.S.C. § 515)


*s/ Todd Greenberg*
TODD GREENBERG
THOMAS WOODS
SIDDHARTH VELAMOOR
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

ORDER DENYING MOTION TO STRIKE SURPLUSAGE
*United States v. Huawei Device Co., Ltd., et al.* (CR19-010RSM) - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970