Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD., and<br>HUAWEI DEVICE USA, INC.,<br><br>Defendants. | CASE NO. CR19-010RSM<br><br>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS<br><br>**Noting Date:  August 30, 2019** |

## INTRODUCTION

An Indictment must allege the elements of the offense and fairly inform the defendant of the charged conduct. Count Ten easily satisfies this standard by alleging that Huawei's misleading Investigation Report attempted to corruptly obstruct, influence, and impede two separate official proceedings: (a) federal civil litigation by T-Mobile; and (b) a federal grand-jury proceeding. Indeed, the Indictment substantially exceeds Fed. R. Crim. P. 12's requirements by providing Huawei with lengthy descriptions of the obstructive conduct, including precise details of the alleged obstructive acts, the dates of those acts, and identifying information about the Huawei employees who committed those acts.

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Huawei claims it lacks a "meaningful understanding" about the factual basis for two
2 elements of Count Ten:  (1) Huawei's alleged "corrupt intent" and (2) the "nexus" between
3 the obstructive acts and an official proceeding.  To the contrary, the Indictment plainly
4 alleges both elements in exhaustive detail, by describing how Huawei's investigators
5 concealed the scope of Huawei's involvement in the trade-secret misappropriation (the
6 "corrupt intent" element) to forestall civil litigation and a criminal referral (the "nexus"
7 element). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12    In truth, Huawei's motion is a mere pretext to litigate its central defense to Count Ten
13 more than six months before trial.  Specifically, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 Huawei insists that the duration between the start of its investigation and T-Mobile's formal
15 litigation demand undermines the "corrupt intent" and "nexus" elements, purportedly
16 because its investigators could not have been concerned about official proceedings when
17 they engaged in obstructive conduct.  But the government is not required to address these
18 factual defenses in the Indictment, or to preview its rebuttal evidence in a bill of particulars.
19 Instead, as with any other factual defense to any other criminal charge, the appropriate time
20 to litigate Huawei's factual defense to Count Ten is at trial, on the basis of a developed
21 evidentiary record.
22    Even if it were proper to address Huawei's factual defenses at this stage, the evidence
23 in discovery thoroughly rebuts those defenses and obviates any need for a bill of particulars.
24 The discovery includes the correspondence that Huawei used to mislead T-Mobile, ▮▮▮▮
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ARGUMENT

## I. Count Ten Of The Indictment States An Offense With Specificity

Rule 12 of the Federal Rules of Criminal Procedure provides that a defendant may challenge an indictment as defective, including for "failure to state an offense" and "lack of specificity." Fed. R. Crim. P. 12(b)(1)(B)(iii), (v); *see United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). As the Ninth Circuit has explained, "[a] motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)). Rather, "the issue in judging the sufficiency of the indictment is whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Bailey*, 444 U.S. 394, 414 (1980) (quotations omitted); *see also United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989) (explaining that an indictment that "tracks the words of the statute charging the offense" will be held sufficient "so long as the words unambiguously set forth all elements necessary to constitute the offense.").

As shown in the bolded language below, Count Ten of the Indictment tracks 18 U.S.C. § 1512(c)(2), the obstruction-of-justice statute.

| Statutory Text | Count Ten's Charging Language |
|---|---|
| "Whoever **corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so**, shall be fined under the title or imprisoned not more than 20 years, or both." | "Beginning on or about June 1, 2013, and continuing through on or after September 2, 2014, at Bellevue, within the Western District of Washington, and elsewhere, Huawei Device Co., Ltd. and Huawei Device USA, Inc. **attempted to corruptly obstruct, influence, and impede an official proceeding**, that is the proceedings in *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, CV14-1351RAJ, in the United States District Court for the Western District of Washington; and Federal grand jury proceedings in the Western District of Washington concerning HUAWEI DEVICE CO., LTD. and HUAWEI DEVICE USA, INC." |

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Count Ten thus alleges the following elements of obstruction of justice: (1) corrupt
2  intent; (2) an attempt to obstruct, influence, or impede; and (3) official proceedings that were
3  the subject of the obstructive conduct.  Count Ten also identifies the time period within
4  which the obstructive conduct occurred and the official proceedings that Huawei sought to
5  obstruct; namely, a civil lawsuit in this District and federal grand-jury proceedings arising
6  out a criminal referral by T-Mobile.  Finally, through its incorporation of other sections of
7  the Indictment, Count Ten specifically identifies dozens of obstructive acts, including false
8  and misleading statements made by Huawei to T-Mobile, identifying information about the
9  Huawei employees who propagated those falsehoods, and the precise factual basis why those
10 statements were false and/or misleading.  *See* Indictment, Dkt. 1, ¶¶ 37-48.  Some of those
11 obstructive acts, such as Huawei's production of an un-redacted Investigation Report and its
12 representatives' false reassurances to T-Mobile, occurred after T-Mobile made a formal legal
13 demand threatening to file a civil lawsuit against Huawei.  *Id.* at ¶ 46.  Other obstructive acts
14 predated the legal demand, but occurred against the backdrop of Huawei's concern and fear
15 about that impending lawsuit and a potential criminal referral.  *Id.* at ¶ 37.[1]
16   Huawei calls these detailed allegations "threadbare" and claims it has no "meaningful
17 understanding of the 'essential facts constituting the offense charged.'"  Mot. at 2, 9.  This
18 argument is contrived. ████████████████████████████████████
19 ████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████
24 ██████████████████████████████████

---

[1] Huawei's claim that "[t]he narrative allegations contain no reference to any potential grand jury investigation" is simply incorrect.  *See* Mot. at 4:1-2.  The Indictment's narrative allegations state that "HUAWEI CHINA and HUAWEI USA were concerned that T-Mobile would refer the matter to federal law enforcement authorities, prompting a Federal grand jury investigation in the Western District of Washington."  Indictment, Dkt. 1, ¶ 37.

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Huawei's own description of the offense conduct and its future defenses is therefore a complete answer to its claimed lack of "meaningful understanding of the 'essential facts constituting the offense charged.'"  Mot. at 2:8-9.  As the law requires, the Indictment has put Huawei on notice of the obstruction charge, enabled it to prepare a defense, and enabled it to "plead an acquittal or conviction in bar of future prosecutions for the same offense." *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994).

## II. Huawei's Arguments Regarding the "Corrupt Intent" and "Nexus" Elements Lack Any Merit

Huawei's motion challenges the sufficiency of the Indictment's allegations regarding the "corrupt intent" and "nexus" elements of the obstruction-of-justice offense.  *See* Mot. at 9:7-10:9.[3]  Huawei suggests that the Indictment's reference to Huawei's concerns about official proceedings is not "particular[]" enough, because "[t]he government presumably could allege identical 'concerns' on the part of every participant in every business dispute." *Id.* at 9:16-17.  Huawei also claims that the Indictment does not adequately allege a "corrupt intent" or a "nexus" between the obstructive acts and any official proceedings, because Huawei's "core" efforts to mislead T-Mobile "long preceded" T-Mobile's formal litigation demand. *Id.* at 9:24-10:7.  Huawei's request for dismissal on these grounds is meritless, and entirely inappropriate for resolution at this pretrial stage.

Huawei's complaints about the purported delay between its obstructive conduct and T-Mobile's civil litigation has no bearing on whether the Indictment's allegations are legally sufficient.  Obstruction of justice can occur months, and even years, before the relevant official proceedings are underway, so long as those proceedings are foreseen by the defendant. *See* 18 U.S.C. § 1512(f)(1) ("an official proceeding need not be pending or about to be instituted at the time of the offense").

---

[3] For the purposes of this Motion, the government does not dispute that a conviction under 18 U.S.C. § 1512(c)(2) requires both corrupt intent and a nexus between the obstructive conduct and an official proceeding.  While the government disagrees with Huawei's formulation of those elements in its motion, it will raise those arguments at the appropriate stage of this litigation, in its Trial Brief and proposed jury instructions.

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Nor is Huawei's dissatisfaction about the level of evidentiary detail in the Indictment relevant to whether the Indictment meets Rule 12's requirements.  As the Ninth Circuit has explained, "[t]he Government need not allege its theory of the case *or supporting evidence*, but only the 'essential facts necessary to apprise a defendant of the crime charged.'" *Buckley*, 689 F.2d at 897 (emphasis added); *see also Mann*, 517 F.2d at 267 ("A defendant *may not* properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.") (emphasis added).  Rather, the government's obligation to disclose the specific evidence in support of the Indictment's allegations regarding Huawei's state of mind at the time of the obstructive conduct is governed by Fed. R. Crim. P. 26, *Brady v. Maryland*, and the Jencks Act, *not by Rule 12*.  Whether the government has adequate evidence to establish Huawei's "corrupt intent" (and to rebut Huawei's reliance on the time-delay between some of its obstructive conduct and official proceedings) is properly resolved at trial, on the basis of a developed evidentiary record.  *Jensen*, 93 F.3d at 669 (explaining that a pretrial motion to dismiss cannot be used as "a device for a summary trial of the evidence"); *United States v. Jayavaraman*, 2014 WL6836629, at *2 ("Jayavaraman's claim that the government's evidence is insufficient … must fail because it is premature.").

    In any regard, Huawei's claim that the Indictment does not specifically allege the "corrupt intent" and "nexus" elements is baseless.  The Indictment alleges both elements in the charging language found in Count Ten.  Indictment, Dkt. 1, ¶ 65.  The Indictment also alleges numerous facts in support of those elements, such as the allegations that: (1) Huawei was concerned about federal civil litigation and a federal criminal referral when it commenced its sham internal investigation and misled T-Mobile, *id.* at ¶ 37; (2) the Investigation Report intentionally and falsely characterized Huawei's coordinated misappropriation of trade secrets as "isolated incidents" by employees who exercised "indiscretion," *id.* at ¶¶ 41-42; and (3) the Investigation Report intentionally omitted dozens of facts that would have revealed the actual scope of the trade-secret thefts and the involvement of senior Huawei managers in those thefts, *id.* at ¶¶ 42-45.

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Indeed, although not required by Rule 12, the Indictment alleges specific facts that
2 support the Grand Jury's probable-cause finding that Huawei's pattern of obstruction was
3 designed to forestall official proceedings.  The Grand Jury recounted that, in October 2012, a
4 mere seven months before the culmination of the thefts from T-Mobile's laboratory, the U.S.
5 House of Representatives Permanent Select Committee on Intelligence issued a public report
6 finding that Huawei displayed "a pattern of disregard for the intellectual property rights of
7 other entities and companies in the United States," and referred that behavior to federal law-
8 enforcement authorities "for potential investigation."  *Id.* at ¶ 38.  As the government will
9 explain at trial, the Committee report put Huawei on notice that intellectual property
10 breaches could give rise to federal criminal investigations, including grand jury proceedings,
11 and thus serves as central evidence about Huawei's motive for deceiving T-Mobile.  Against
12 that backdrop, Huawei's investigators characterized the thefts from T-Mobile as having been
13 committed by "two individuals who acted on their own."  *Id.* at ¶ 40.  In truth, as Huawei
14 knew, the theft was yet another example of the type of behavior that the Committee had
15 already referred for federal criminal investigation.  *Id.* at ¶¶ 12-36 (describing participation
16 by Huawei senior managers and executives in the thefts from T-Mobile).

17    As further evidence for its allegation that Huawei's obstructive conduct had a nexus
18 to an official proceeding, the Grand Jury explained that Huawei misled T-Mobile even after
19 T-Mobile sent Huawei a formal litigation demand:

> On or about May 5, 2014, T-Mobile sent HUAWEI USA a legal demand letter threatening to file a civil lawsuit against HUAWEI USA unless it paid T-Mobile monetary damages and took other remedial measures as the result of the theft and related misconduct.  In response, in or about May 2014, HUAWEI USA produced the full, un-redacted Investigation Report to T-Mobile.  Huawei in-house counsel also wrote letters to T-Mobile claiming that HUAWEI USA and HUAWEI CHINA had been "forthright" and had "cooperated" with T-Mobile after the events of May 2013, and representing that HUAWEI USA had provided to T-Mobile "many documents in regards to our internal investigation."  The letters from the Huawei attorneys also reiterated the false claim that A.X. and F.W. were "misguided" and had acted on their own without direction or involvement by other HUAWEI USA or HUAWEI CHINA employees.

28 *Id.* at ¶ 46.

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

\*   \*   \*

In sum, Count Ten alleges all of the elements of obstruction of justice, including the "corrupt intent" and "nexus" elements. Huawei's claim that the Indictment does not identify specific evidence about its "corrupt intent" and the "nexus" between its conduct and official proceedings is neither fit for resolution before trial, nor accurate. As the Indictment alleges, and as the evidence (including evidence described below) will prove, Huawei's central purpose when commencing its internal investigation and when sharing false information with T-Mobile was to obstruct official proceedings.

### III. Huawei's Request For A Bill Of Particulars Is Specious

As an "alternative" to dismissal, Huawei asks for a bill of particulars that specifies "which acts the grand jury believed were obstructive" and "which facts establish Huawei Device's corrupt intent." Mot. at 11:13-14. In making this request, Huawei repeats its claim about the government's allegations regarding the "corrupt intent" and "nexus" elements, and feigns a lack of understanding about the factual basis for the Indictment's allegation that Huawei contemplated official proceedings when it commenced its investigation. *Id.* at 11:1-9. Huawei's request for a bill of particulars is specious.

Huawei's claim that it needs more information about the factual basis for Count Ten is baseless for the reasons set out above. ***First***, the Indictment includes five pages of detailed allegations about the "acts the grand jury believed were obstructive" (one of the items in Huawei's request), including the dates of Huawei's false and misleading statements to T-Mobile, the individuals who corresponded with T-Mobile, and the Grand Jury's precise basis for alleging that the correspondence was false and misleading. *See* Indictment, Dkt. 1, ¶¶ 37-48. ███████████████████████████████████████

███████████████████████████ ***Second***, the Indictment also alleges that Huawei's corrupt intent resulted from its concern about future official proceedings. *Id.* at ¶ 37. The Indictment alleged that Huawei already had been referred to criminal investigation for other intellectual-property crimes at the time of the T-Mobile incidents, and that Huawei feared civil litigation and grand jury proceedings. *See id.* at ¶¶ 37-38.

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | Because these allegations put Huawei on ample notice of the offense conduct, ▮ |
| 2 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ no bill of |
| 3 | particulars is required. *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). |
| 4 | Although Huawei, like any criminal defendant, prefers to have a full preview of the |
| 5 | government's case-in-chief at trial, that is simply not the proper "purpose of the bill of |
| 6 | particulars." *See United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) ("A defendant is |
| 7 | not entitled to know all the *evidence* the government intends to produce but only the *theory* |
| 8 | of the government's case. He is not entitled to know the content of the testimony of each of |
| 9 | the government witnesses before trial.") (emphasis in original). |
| 10 | Huawei's request for a bill of particulars also ignores the voluminous discovery that |
| 11 | the government has produced. *See United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. |
| 12 | 1979) ("Full discovery … obviates the need for a bill of particulars."). Here, discovery |
| 13 | produced to Huawei substantiates the Indictment's allegations, and puts Huawei on further |
| 14 | notice of the factual basis for Count Ten. In particular, the discovery includes: (1) evidence |
| 15 | establishing Huawei's theft of trade secrets from T-Mobile; (2) evidence establishing that |
| 16 | Huawei's senior management knew about and directed those thefts; and (3) evidence |
| 17 | establishing that Huawei sent T-Mobile false and misleading correspondence to T-Mobile, |
| 18 | including the Investigation Report. In short, even if the Indictment were insufficient (it is |
| 19 | not), the government's full discovery obviates any need for a bill of particulars. |
| 20 | Indeed, the evidence produced in discovery thoroughly rebuts the central argument |
| 21 | that Huawei advances in its motion: that it did not foresee official proceedings when it |
| 22 | commenced its internal investigation. The discovery includes the full text of the House |
| 23 | Committee Report to which the Grand Jury referred, which recounted statements by Huawei |
| 24 | employees about both the extent to which Huawei's Chinese parent controlled the activities |
| 25 | of its subsidiaries, and the types of intellectual property violations that resulted in a federal |
| 26 | criminal referral. The Committee's report serves as evidence that Huawei was on notice |
| 27 | about the potential consequences of its theft from T-Mobile, and the importance of making it |
| 28 | appear as if its employees did not act at the direction of their managers in China. |
GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  The discovery also includes ███████████████████████
2  ████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████
9  ██████████████████████████████████████
10 ████████████████████████████████████████████████
11 ████████████████████████████████████████████████
12 ████████████████████████████████████████████████
13 ████████████████████████████████████████████████
14 ████████████████████████████████████████████████████
15 ████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████
19 ████████████████████████  (Indeed, as Huawei has explained in a separate filing, T-Mobile made its criminal referral to the Federal Bureau of Investigation in August 2013, while Huawei's internal investigation was still ongoing.  *See* Motion to Dismiss Indictment for Selective Prosecution, Dkt. 57, Ex. C (FBI report).)

───────────────

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Huawei's own filings also rebut its reliance on the time-lag between the start of its investigation and T-Mobile's litigation demand. Specifically, one month after ▇ ▇ Huawei USA filed a submission that successfully opposed T-Mobile's claim that Huawei USA's partial production of those investigative materials constituted a subject-matter waiver of the attorney-client privilege. Huawei USA claimed that its internal investigation and correspondence with T-Mobile were covered by Fed. R. Evid. 408, because "Huawei USA performed an internal investigation at the direction of counsel ***and in anticipation of litigation***." Huawei USA Opp., *T-Mobile USA, Inc. v. Huawei USA, Inc., et al.*, CV14-1351RAJ (W.D. Wa.), Dkt. 192, 2:18-20 (emphasis added); *see also id.*, fn. 4 ("Huawei USA's internal investigation of the incidents … indisputably was conducted at the direction of counsel and in anticipation of litigation.").

\* \* \*

In sum, Huawei's request for a bill of particulars is specious. ▇▇▇ ▇▇▇ the Indictment's allegations have put it on full notice of the government's theory of liability and enabled it to prepare a defense. Even if Huawei were entitled to additional information about the Indictment's allegations, the government's voluminous discovery obviates any need for a bill of particulars.

## **CONCLUSION**

For the foregoing reasons, the Motion should be denied.

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dated: August 22, 2019.

Respectfully submitted,

TESSA M. GORMAN
First Assistant United States Attorney
(Acting Under Authority Conferred by 28 U.S.C. § 515)

*/s/ Siddharth Velamoor*
TODD GREENBERG
THOMAS WOODS
SIDDHARTH VELAMOOR
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4073
E-mail: siddharth.velamoor@usdoj.gov

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*/s/ Kylie Noble*
KYLIE NOBLE
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903
Telephone: (206) 553-2520
Fax: (206) 553-4440
E-mail: kylie.noble@usdoj.gov

GOV'T OPP. TO HUAWEI MOT. TO DISMISS COUNT TEN
*United State v. Huawei Device Co., Ltd.* (CR19-010RSM) - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# EXHIBIT A

# (Filed Under Seal)

# EXHIBIT B

# (Filed Under Seal)