Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD., and<br>HUAWEI DEVICE USA, INC.,<br><br>*Defendants*. | No. 19-CR-010<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE SURPLUSAGE**<br><br>**NOTE ON MOTION CALENDAR:**<br>**August 30, 2019**<br><br>***ORAL ARGUMENT SCHEDULED FOR OCTOBER 7, 2019*** |

## INTRODUCTION

Rather than contest Huawei Device's arguments that the alleged House Committee report, two dated civil lawsuits, and a post-hoc bonus program (Ind. ¶¶ 38, 47, 48) are irrelevant and prejudicial surplusage, the government urges a "no harm, no foul" position by asking the Court to deny the motion because the Indictment will not be read or provided to the jury. The Court should reject the government's position and grant this motion because Huawei Device would suffer ongoing prejudice and tainting of the jury pool if this inflammatory material is permitted to remain in the Indictment. Indeed, the Court need only review the government's opposition to Huawei Device's Motion to Dismiss for Selective Prosecution to see how the government has used, and will continue to use, these irrelevant allegations to make highly prejudicial and baseless claims that Huawei Device is a recidivist offender with a long history of wrongdoing. The Court should strike this prejudicial surplusage from the Indictment.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 1

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

At a minimum, if the government's representations about the Court's standard practice are correct, Huawei Device alternatively requests that the Court enter an order confirming that the Indictment not be read or provided to the jury at trial.

## ARGUMENT

The government seeks denial of Huawei Device's motion solely by arguing that Huawei Device will suffer no prejudice if the Court follows the "standard practice" of not reading or providing the Indictment to the jury. Opp'n Mot. to Strike Surplusage, Dkt. 62 ("Opp'n") at 3. The government does not deny the substantial prejudice Huawei Device will face if, counter to the government's "assumption," the jury is exposed to the irrelevant and prejudicial allegations in paragraphs 38, 47 and 48 in the Indictment. Nor does the government contest that the evidence is irrelevant.[1] The Court should deem the government's failure to address these issues as a concession that the allegations are irrelevant and prejudicial. *See United States v. Villa*, 595 F. App'x 734, 735 (9th Cir. 2015) ("The government did not address this contention in its brief and conceded at oral argument that its failure to do so constitutes waiver. We agree."); *United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011) (holding that the government waived an available argument that it failed to assert in its answering brief).

The government's position assumes incorrectly that Huawei Device would only suffer prejudice from these irrelevant allegations if they are shown to the trial jury. On the contrary, the inclusion of surplusage in an indictment also prejudices a defendant by potentially tainting the jury pool. As one court aptly stated in striking surplusage from an indictment:

> It also is clear that indictments are public documents that, like governmental press statements, often are widely reported through the media. In this sense, when an indictment contains surplusage that goes beyond its limited purpose of charging a party before the court, that surplusage operates much like an extrajudicial statement in its likely impact and potential for prejudice.

---

[1] Instead, the government states it will address the relevancy of the allegations when it "responds substantively" to Defendants' Motion to Exclude Irrelevant and Prejudicial Evidence. Opp'n at 5. In its response to that motion, however, the government does not even attempt to explain the relevance of the allegations. Instead, it asserts that Huawei Device's motion is premature. For the reasons stated in Huawei Device's reply memorandum in support of that motion, the government is incorrect.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 2



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

*United States v. Cooper*, 384 F. Supp. 2d 958, 961 (W.D. Va. 2005) (striking a "preamble" containing references to defendant's past dealings with environmental and health agencies in a criminal Clean Water Act case; such references were analogous to improper extrajudicial statements by a prosecutor about a defendant's reputation or criminal history).

Similarly, Huawei Device has already suffered substantial prejudice by the inclusion of these improper allegations in the Indictment. Given the publicity this case has received—based in no small part on the press conference announcing the Indictment by the highest law enforcement officials in the U.S. government—there is a real and meaningful risk that the jury pool has already been and will continue to be tainted by the inclusion of these irrelevant and prejudicial allegations in the Indictment. The Department of Justice press release announcing the Indictment even highlighted one of the prejudicial and irrelevant allegations, stating: "As part of its investigation, FBI obtained emails revealing that in July 2013, Huawei offered bonuses to employees based on the value of information they stole from other companies around the world . . ."[2] Unsurprisingly, media reports about this case have repeated this irrelevant and prejudicial claim. One particularly critical editorial noted that "Huawei even created a bonus program for workers who stole information from competitors."[3] Other media reports have parroted the Indictment to report that Huawei was "very nervous about having been caught" in the alleged thefts from T-Mobile because of the previous House Committee report and the Motorola and Cisco lawsuits.[4]

This tainting of the jury pool has been exacerbated by the government's over-the-top rhetoric and heavy reliance on these irrelevant and prejudicial allegations in its response to

---

[2] *See* Press Release, U.S. Dep't of Justice, Chinese Telecommunications Device Manufacturer and its U.S. Affiliate Indicted for Theft of Trade Secrets, Wire Fraud, and Obstruction of Justice, Jan. 28, 2019, https://www.justice.gov/opa/pr/chinese-telecommunications-device-manufacturer-and-its-us-affiliate-indicted-theft-trade.

[3] *See* Editorial, *The Huawei Indictment Tells A Story of Deceit and Corporate Espionage*, Wash. Post, Jan. 29, 2019, https://www.washingtonpost.com/opinions/global-opinions/the-huawei-indictment-tells-a-story-of-deceit-and-corporate-espionage/2019/01/29/c2035abe-23f4-11e9-90cd-dedb0c92dc17_story.html.

[4] *See, e.g.,* Laurel Wamsley, *A Robot Named 'Tappy': Huawei Conspired to Steal T-Mobile's Trade Secrets, Says DOJ*, NPR, Jan. 29, 2019, https://www.npr.org/2019/01/29/689663720/a-robot-named-tappy-huawei-conspired-to-steal-t-mobile-s-trade-secrets-says-doj.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 3

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

Huawei Device's Motion to Dismiss for Selective Prosecution.  At a minimum, this prejudice will need to be addressed during the jury selection process.  The Court should strike this surplusage now to stop the damage and prevent the government from continuing to taint the jury pool with ongoing baseless, prejudicial claims about Huawei's purported criminal history.

If the government's representations about the Court's standard practice are correct, Huawei Device alternatively requests that the Court enter an order confirming that the Indictment not be read or provided to the jury at trial.  A proposed order reflecting this relief is attached as an alternative to the proposed order submitted with Huawei Device's opening motion to strike.

## CONCLUSION

For the reasons set forth above, the Court should grant this motion to strike as surplusage the irrelevant and prejudicial paragraphs 38, 47, and 48 in the Indictment.  Alternatively, the Court should order that the Indictment not be read or provided to the jury in any form.

Respectfully submitted,

Dated: August 30, 2019

**YARMUTH LLP**

By: *s/ Robert Westinghouse*
Robert Westinghouse, WSBA No. 6484
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 516-3800
Fax: (206) 516-3888
rwestinghouse@yarmuth.com

**STEPTOE & JOHNSON LLP**

James F. Hibey (*pro hac vice*)
Brian M. Heberlig (*pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
jhibey@steptoe.com
bheberlig@steptoe.com

*Attorneys for Defendants Huawei Device Co., Ltd., and Huawei Device USA, Inc.*

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 4

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for the Government**

Todd Greenberg
Thomas M. Woods
Siddharth Velamoor
U.S. Attorney's Office (Sea)
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: 206.553.7970
Todd.Greenberg4@usdoj.gov
Thomas.woods2@usdoj.gov
Siddarth.Velamoor@usdoj.gov

DATED:  August 30, 2019, at Seattle, Washington.

*s/ Vassie Skoulis*
Vassie Skoulis, Legal Assistant

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE SURPLUSAGE
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 5

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

v.

HUAWEI DEVICE CO., LTD., and
HUAWEI DEVICE USA, INC.,

*Defendants*.

No. 19-CR-010

[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO STRIKE SURPLUSAGE

The Court has reviewed Huawei Device's Motion to Strike Surplusage, the Government's Response, and Huawei Device's Reply Memorandum.

The motion is granted for the reasons stated by Huawei Device.

Accordingly, the Indictment will not be read to or otherwise presented to the jury in this case.

IT IS SO ORDERED.

---------------------------------------
Ricardo S. Martinez
Chief United States District Judge

[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION TO
STRIKE SURPLUSAGE
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 1

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888