Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

v.

HUAWEI DEVICE CO., LTD., and HUAWEI DEVICE USA, INC.,

*Defendants.*

No. 19-CR-010

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

**NOTE ON MOTION CALENDAR: August 30, 2019**

***ORAL ARGUMENT SCHEDULED FOR OCTOBER 7, 2019***

## INTRODUCTION

The government agrees that corrupt intent and a nexus to an official proceeding are essential elements of the offense charged in Count Ten. In a futile effort to rebut Huawei Device's central argument that the Indictment does not allege specific factual allegations supporting those elements, the government relies on the supposedly detailed allegations of misrepresentations by Huawei Device to T-Mobile—untethered to any threat of civil litigation or criminal investigation—and even relies on discovery materials outside the four corners of the Indictment. The government's arguments miss the mark. The Indictment purports to allege the core elements at issue only through bald legal conclusions about Huawei Device's "concerns."

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 1

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

These allegations are not sufficiently particularized and fail to state an offense. Thus, Count Ten should be dismissed.

## ARGUMENT

### I. The Court Should Dismiss Count Ten for Failure to State an Offense and for Lack of Specificity.

#### A. The Government Agrees that Corrupt Intent and a Nexus to an Official Proceeding Are Essential Elements of Count Ten.

The government "does not dispute that a conviction under 18 U.S.C. § 1512(c)(2) requires both corrupt intent and a nexus between the obstructive conduct and an official proceeding." Opp'n Mot. Dismiss Count Ten, Dkt. 65 ("Opp'n") at 6 n.3.[1] Thus, the Indictment must allege these elements with sufficient specificity to state an offense. *See United States v. Resendiz-Ponce*, 425 F.3d 729, 732 (9th Cir. 2005), *rev'd and remanded on other grounds*, 549 U.S. 102, 127 (2007).

#### B. Huawei Device's Motion Is Not Premature.

The government argues that Huawei Device's motion is premature because it purportedly seeks "specific evidence in support of the Indictment's allegations." Opp'n at 7. That is not correct. Huawei Device argues that the corrupt intent and nexus elements are not alleged with specificity in the Indictment. Huawei Device is not attempting to litigate the strength of the government's evidence.

The government cites *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982) for the proposition that "[t]he Government need not allege its theory of the case *or supporting evidence*, but only the 'essential facts necessary to apprise a defendant of the crime charged.'" Opp'n at 7. But the government ignores the second half of the quotation, which states unequivocally that an indictment must allege "essential facts" supporting the charge. An indictment's "[f]ailure to allege an essential element of the offense is a fatal flaw not subject to mere harmless error

[1] The government also states without explanation or argument that it "disagrees" with Huawei Device's formulation of the elements, but that it will raise those arguments at a later stage of this proceeding. Opp'n at 6 n.3. Huawei Device's motion to dismiss Count Ten is ready for decision now.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 2

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

analysis" on appeal. *Resendiz-Ponce*, 425 F.3d at 732; *United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978) ("The failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect."). For instance, the allegation that Huawei Device was "concerned" about potential civil litigation or a grand jury investigation, *see* Ind. ¶ 37—literally the only allegation even arguably in furtherance of the nexus essential element—utterly fails to allege the essential facts needed to apprise Huawei Device of the obstruction offense charged. The government is required to plead more in the Indictment. That is the issue before the Court. Huawei Device's motion, properly understood, is ripe for the Court's consideration, now.

**C. The Factual Allegations Highlighted by the Government Do Not Allege Corrupt Intent or a Nexus to an Official Proceeding.**

The government expends a significant portion of its opposition pointing to specific factual allegations that it believes constitute a purported "cover-up." Opp'n at 4, 7-8. But Huawei Device did not argue that it lacked notice of the alleged false statements or other purportedly misleading behavior. Instead, Huawei Device's motion identified two key elements—corrupt intent and a nexus to an official proceeding—which the Indictment does not allege with any specificity, other than some vague references to "concerns."

By focusing on other elements of the alleged conduct, the government misses the point. The government presumes that the allegations of false statements and a "cover-up" are sufficient to plead the corrupt intent and nexus elements. But those alleged acts could have just as easily furthered the other alleged "concern" identified in the Indictment—Huawei Device's "concern[] that T-Mobile would terminate its business relationship" with the company, *see* Ind. ¶ 37—and have had no relation to any official proceeding. The Indictment is sorely lacking those specific allegations necessary to convert a routine business dispute into obstruction of justice. As Huawei Device set forth in its motion, the Indictment's repeated conclusory statements that Huawei Device was "concerned" about various potential proceedings, *see* Ind ¶ 37, are pure conclusions, not factual allegations. The government simply sidesteps Huawei Device's central argument that these bald conclusions about "concerns" are not sufficient to state an offense.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 3

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

Tracking the language of the underlying statute is not enough. Under longstanding Supreme Court precedent, "all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective." *United States v. Hess*, 124 U.S. 483, 486 (1888). If an indictment tracks the generic language of the statute, it will state an offense only if it is "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* at 487. This Indictment fails that test.

**D. The House Report Does Not Support an Allegation of Corrupt Intent or a Nexus to an Official Proceeding.**

The government also relies heavily on a politically motivated House Committee investigation to suggest that the alleged conduct at issue had a nexus to an official proceeding. Opp'n at 8. The government's reliance the House Committee report is not convincing.

First, the Indictment does not allege that a single Huawei Device employee involved in the T-Mobile-related conduct at issue ever discussed, referenced, or considered the House Committee report at any time. Without specific factual allegations in the Indictment tying the report to the actual conduct at issue, the report—while a shameful effort by the government to paint Huawei Device as a bad actor—is irrelevant and does not support the obstruction count. The government's cryptic and unexplained claim that it "will explain at trial" how the House Committee report could satisfy the corrupt intent or nexus elements, Opp'n at 8, falls far short of saving Count Ten from dismissal.

Second, as set forth in more detail in Huawei Device's Reply Memorandum in Support of Defendants' Motion to Dismiss for Selective Prosecution, the House Committee report is unreliable, inadmissible, and ultimately irrelevant. The House Committee investigation was a political process, which did not include the protections of due process that are consistent with a careful, judicial proceeding. Because of those differences, federal courts have not treated products of committee processes as reliable evidence. *See Anderson v. City of New York*, 657 F. Supp. 1571, 1579 (S.D.N.Y. 1987); *Knight Publ'g Co. v. U.S. Dept. of Justice*, 631 F. Supp.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 4

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

1175, 1178 (W.D.N.C. 1986). In fact, the very report at issue was excluded from the civil trial between Huawei Device and T-Mobile under Rule 404(b) as irrelevant and prejudicial, where far less was at stake. *T-Mobile USA, Inc. v. Huawei Device USA, Inc., et al.*, No. C14-1351-RAJ (W.D. Wa.), ECF 408-1, Order at 15.

### E. Huawei Device's Understanding of Count Ten Is No Substitute for a Valid Indictment.

Finally, the government repeatedly points to Huawei Device's filings in this and other proceedings to suggest that Huawei Device actually understands the general thrust of the obstruction charge in Count Ten, and that the Indictment is therefore sufficient. Opp'n at 4-5, 10, 12. The government's position not only misplaces the burden here, but it also ignores the fact that a defendant's logical inferences are no substitute for a valid indictment. An indictment must "apprise the defendant *with reasonable certainty*, of the nature of the accusation against him" and ensure that the government is not "free to roam at large." *See Russell v. United States*, 369 U.S. 749, 768 (1962) (quotations omitted; emphasis added).

Furthermore, an indictment serves important purposes other than providing a defendant with notice of the charges. An indictment must allege sufficient facts (1) to enable the defendant to prepare a defense, (2) to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, (3) to enable the defendant to plead jeopardy against a later prosecution, and (4) to inform the court of the facts alleged so that it can determine the sufficiency of the charge. *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam). Because it does not allege with specificity corrupt intent or a nexus to an official proceeding, the Indictment fails to meet those obligations. Regardless of Huawei Device's purported understanding of the charge, Count Ten of the Indictment is insufficient on its face.

## II. In the Alternative, The Court Should Order the Government to Submit a Bill of Particulars.

As set forth in Huawei Device's motion, a bill of particulars cannot save an indictment that fails to set forth a sufficient factual basis for the charges. *See Russell*, 369 U.S. at 770;

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 5

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

*United States v. ORS, Inc.*, 997 F.2d 628, 631 n.5 (9th Cir. 1993). Nevertheless, if the Court declines to dismiss Count Ten, it should require the government to provide a bill of particulars specifying the Indictment's vague and conclusory assertions regarding the alleged obstruction of justice.

The government contends that Huawei Device's alternative request is "specious" based on an overarching belief that Huawei Device has notice of the substance of the obstruction charge from factual allegations in the Indictment and discovery provided to Huawei Device, including the House Committee report. Opp'n at 9-11. The government's contention misses the point. Again, Huawei Device did not argue that it lacked sufficient notice of the alleged false statements or other purportedly misleading behavior toward T-Mobile. Instead, the motion to dismiss specifically focused on the corrupt intent and nexus elements, which the Indictment does not specify in any meaningful detail. If nothing else, the government should be ordered to provide a bill of particulars specifying the information sought in Huawei Device's motion.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY,
OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 6

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

## CONCLUSION

For the reasons set forth above, the Court should dismiss Count Ten for failure to state an offense and lack of specificity. Alternatively, the Court should order the government to provide a bill of particulars.

Respectfully submitted,

Dated: August 30, 2019

**YARMUTH LLP**

By: *s/ Robert Westinghouse*
Robert Westinghouse, WSBA No. 6484
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 516-3800
Fax: (206) 516-3888
rwestinghouse@yarmuth.com

**STEPTOE & JOHNSON LLP**

James F. Hibey (*pro hac vice*)
Brian M. Heberlig (*pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
jhibey@steptoe.com
bheberlig@steptoe.com

*Attorneys for Defendants Huawei Device Co., Ltd., and Huawei Device USA, Inc.*

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 7

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Government**

Todd Greenberg
Thomas M. Woods
Siddharth Velamoor
U.S. Attorney's Office (Sea)
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: 206.553.7970
Todd.Greenberg4@usdoj.gov
Thomas.woods2@usdoj.gov
Siddharth.Velamoor@usdoj.gov

DATED: August 30, 2019, at Seattle, Washington.

*s/ Vassie Skoulis*
Vassie Skoulis, Legal Assistant

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT TEN FOR FAILURE TO STATE AN OFFENSE AND LACK OF SPECIFICITY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 8

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888