Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

v.

HUAWEI DEVICE CO., LTD., and
HUAWEI DEVICE USA, INC.,

*Defendants*.

No. 19-CR-010

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL**

**NOTE ON MOTION CALENDAR: August 30, 2019**

***ORAL ARGUMENT SCHEDULED FOR OCTOBER 7, 2019***

## INTRODUCTION

The Court should grant Defendants' Motion to Exclude Irrelevant and Prejudicial Evidence at Trial in its entirety now.  The government has repeatedly stated its intention to introduce evidence supporting the allegations in paragraphs 38, 47, and 48 of the Indictment—even detailing in a letter to defense counsel how it plans to present the evidence at trial.  It is patently obvious how the government would improperly use the evidence at trial if permitted: the government's opposition to Huawei Device's Motion to Dismiss for Selective Prosecution is replete with baseless arguments that this evidence shows Huawei Device is a "recidivist" offender with a "tortured history" of criminal wrongdoing.  Regardless of the government's futile attempt to postpone addressing such improper evidence, these are the very improper propensity arguments that Rule 404(b) was designed to prevent.  The government should not be permitted to use this evidence to attempt to save the Indictment from dismissal while simultaneously arguing

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

1    it is not ready to establish how the evidence is admissible at trial.  If Huawei Device must await a

2    ruling until the eve of trial, it will be substantially prejudiced by having to prepare to defend

3    against those irrelevant and prejudicial allegations at trial.  This motion is fully ripe, and there is

4    no reason for further delay in deciding this issue.

5                                                        **ARGUMENT**

6            The Court can and should decide Huawei Device's motion now.  Nothing prohibits the

7    Court from deciding early-filed motions *in limine* when there is known evidence—here, alleged

8    in the Indictment and elsewhere in the case—the admissibility of which will have an important

9    impact on the trial and will dramatically impact trial preparation.  *See, e.g., Thornton v. Hill*, No.

10   CV-02-3025-MWL, 2006 WL 3408632, at *1-2 (E.D. Wa. Nov. 27, 2006) (court granted an

11   "early motion in limine" 12 months before trial and excluded an official report containing

12   misconduct allegations against the defendant, prepared years before the conduct at issue, because

13   it "posed danger of unfair prejudice" to the defendant and "had the potential to confuse and

14   mislead the jury.").   The government repeatedly highlights the allegations in paragraphs 38, 47,

15   and 48 of the Indictment in its opposition to Huawei Device's Motion to Dismiss for Selective

16   Prosecution.  There can be no doubt that the government knows how it intends to use this

17   evidence (improperly) to prove its case.  *See* Defendants' Motion to Strike Surplusage, ("Mot. to

18   Strike"), Dkt. 55, Ex. A, Letter from Government Counsel to Huawei Device's Counsel (Apr. 15,

19   2019).  Huawei Device has a right to challenge this evidence now and to receive a prompt and

20   timely ruling from the Court.

21           Although the government attempts to dodge Huawei Device's motion by arguing it is

22   premature, it offers no compelling reason for delay.  Instead, the government suggests that its

23   investigation is ongoing and evidence "bearing upon the 404(b) notice may still yet be gathered."

24   Opp'n Mot. to Exclude Irrelevant and Prejudicial Evidence at Trial, Dkt. 61 at 2.  The

25   government also posits that its ongoing efforts to "organize its evidence for trial" somehow

26   justifies delaying a ruling as to whether the evidence is admissible at all.  *Id.*  Huawei Device

27   should not be forced to spend valuable trial preparation resources developing its defense to these

28   irrelevant and prejudicial allegations simply because the government supposedly is not yet

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 2

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

1  prepared to justify the admissibility of evidence *alleged in the Indictment*.  The government has

2  had six years to conduct its investigation; enough is enough.

3      This motion is ripe.  The government has already provided specific notice detailing how

4  it intends to prove the prejudicial allegations identified in Huawei Device's motion.  *See* Mot. to

5  Strike, Ex. A ("We intend to elicit briefly from a FBI witness that Huawei received unflattering

6  publicity over these two intellectual property lawsuits.  We intend to show that this publicity,

7  combined with the publicity from the 2012 House report, caused problems for Huawei, including

8  potentially making it more difficult for the company to secure business in the U.S. and other

9  markets.").  Given those representations, there is no reason to excuse the government from

10  establishing the relevance and proper use of this evidence now.

11      The government's opposition to Huawei Device's Motion to Dismiss for Selective

12  Prosecution also reveals that the government knows full well how it intends to use this evidence,

13  and, more importantly, that the intended uses are grossly improper and impermissible under Rule

14  404(b).  Specifically, the government argues that prosecution of Huawei Device is warranted by

15  its "tortured history," citing: (1) the House Committee report from 2012 (Ind. ¶ 38), (2) a "bonus

16  program" allegedly instituted by certain Huawei entities after the alleged thefts from T-Mobile

17  and promptly rejected by Huawei USA (*id*. ¶¶ 47-48), and (3) two prior lawsuits in 2003 and

18  2010 against other Huawei entities alleging theft of trade secrets (*id*. ¶ 38).  Opp'n Mot. to

19  Dismiss for Selective Prosecution, Dkt. 63 at 18.  The government's over-the-top rhetoric shows

20  that it plans to attempt to convict Huawei of the charges in the Indictment by arguing from this

21  evidence that Huawei Device is "a recidivist thief of intellectual property" (*id*. at 15), with a

22  "long history of wrongdoing" (*id*. at 12) and an "extraordinary history" (*id*. at 11) of "engag[ing]

23  in widespread illegal conduct pertaining to bribery, corruption, fraud, immigration, and

24  discrimination" (*id*. at 10).  The government even goes so far as to argue that Huawei Device's

25  "history of flagrant disregard for the rule of law is virtually unmatched compared to any

26  company that purports to conduct a legitimate business."  *Id.* at 8.  As Huawei Device

27  demonstrates in its Reply Memorandum in Support of its Motion to Dismiss for Selective

28  Prosecution, these hyperbolic claims are preposterous and mere pretexts to divert the Court's

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 3

Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

attention from this unconstitutionally biased prosecution.[1]  More importantly for this motion, the government's arguments leave no doubt that it will seek to admit evidence of the allegations in paragraphs 38, 47, and 48 for improper propensity purposes barred by Rule 404(b).[2]  The Court should bar this evidence now.

---

[1] For example, the House Report which the government relies upon is wholly irrelevant the proceeding involved Huawei Technologies Co., Ltd. ("Huawei"), which is not a defendant here.  *See* Reply Memorandum in Support of its Motion to Dismiss for Selective Prosecution at 2.

[2] The government also ignores that Judge Jones excluded the House Committee report and prior civil litigation pursuant to Rule 404(b) in T-Mobile's civil suit against Huawei Device.  *T-Mobile USA, Inc. v. Huawei Device USA, Inc., et al.*, No. C14-1351-RAJ (W.D. Wa.), ECF 408-1, Order at 15.  And while the bonus memorandum was not at issue in that case, it is equally irrelevant and prejudicial given that it post-dated the relevant events and was immediately repudiated by Huawei USA.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 4

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800  fax 206.516.3888

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CONCLUSION

For the reasons set forth above, the Court should preclude the government from introducing evidence at trial regarding the allegations in paragraphs 38, 47 and 48 of the Indictment.

Respectfully submitted,

Dated: August 30, 2019

**YARMUTH LLP**

By: *s/ Robert Westinghouse*
Robert Westinghouse, WSBA No. 6484
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 516-3800
Fax: (206) 516-3888
rwestinghouse@yarmuth.com

**STEPTOE & JOHNSON LLP**

James F. Hibey (*pro hac vice*)
Brian M. Heberlig (*pro hac vice*)
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Fax: (202) 429-3902
jhibey@steptoe.com
bheberlig@steptoe.com

*Attorneys for Defendants Huawei Device Co., Ltd., and Huawei Device USA, Inc.*

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AT TRIAL
*U.S. v. Huawei Device Co., Ltd., et al.*, No. 19-CR-010 – Page 5

Yarmuth LLP

1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800   fax 206.516.3888

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**<u>Attorneys for the Government</u>**

Todd Greenberg
Thomas M. Woods
Siddharth Velamoor
U.S. Attorney's Office (Sea)
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Tel: 206.553.7970
Todd.Greenberg4@usdoj.gov
Thomas.woods2@usdoj.gov
Siddarth.Velamoor@usdoj.gov

DATED:  August 30, 2019, at Seattle, Washington.

<u>*s/ Vassie Skoulis*</u>
Vassie Skoulis, Legal Assistant

